Gaston, Judge.
 

 — The indictment in this case charges, that the defendant having, as a constable, levied certain executions on the property of the prosecutor, did falsely pretend, that a certain paper writing by him presented to the prosecutor and William Wrathbone, was a bond for the delivery of property of the prosecutor theretofore levied on ; when in truth and in fact, the same was not a bond for the delivery of the said property, but a promis
 
 *410
 
 sory note for the sum of twenty-six dollars and thirty-seven and a half cents; by means of which false affirmation, the defendant did unlawfully procure to be signed and sealed by the prosecutor and the said William, and to be delivered to him, the defendant, a promissory note under seal for the sum of twenty-six dollars and thirty-seven and a half cents, with intent to defraud the prosecutor and the said William. It has been contended, on the part of the state, that this indictment sufficiently charges the defendant with having procured from illiterate persons, the prosecutor and the said William, the execution of a deed to their prejudice, by reading the instrument to them in different words from those in which it W’as written, or by a false representation of its contents. It is not impossible, that such are the facts of the case, and if they be, and this indictment does not so set them forth, an arrest of the judgment in this case, will not be a bar to a prosecution in which the charge may correspond with the facts. In considering, however, whether in law, the conviction warrants the judgment which w'as rendered below, we are confined strictly to the record, and upon it, we can neither see the offence charged as has been supposed, nor indeed any offence charged w'ith that certainty which is required in criminal prosecutions. We must understand legal terms in the indictment in their legal sense, unless by other sufficient and plain words, another meaning is impressed upon them. The instrument “ presented” is not stated to have been prepared as and for a promissory note, to be executed by those to whom it was presented, but is alleged to be in fact and in truth, a promissory note. Now a promissory note is a written engagement promising the payment of money, and signed by the party promising. The instrument “ pretended,” is not stated to have been represented as one prepared for execution as a forthcoming bond, but to have been represented as a forthcoming bond for the property levied on. To represent it as a bond, is to represent it as a writing obligatory sealed and delivered by the obligors. There is no expression or phrase in the indictment from which we can perceive that these words “ note”
 
 *411
 
 and “ bond,” are used in any other than their legal sense. It is not averred, that the defendant “procured” to be signed and sealed, the paper writing presented, but that he procured
 
 a note
 
 to be executed for the payment of the sum of twenty-six dollars and thirty-seven and a half cents. Nor is it averred that the parties who were so prevailed on to execute this note were illiterate persons, or executed a different instrument from that which they understood it to be. Then in legal construction the indictment must be regarded as charging that the defendant falsely affirmed, that a note for the payment of money was a forthcoming bond ; and that by means of such falsehood, the defendant deceitfully prevailed on the prosecutor and the said William to execute a promissory note, or (as it should have been termed) a bond, for the payment of a sum of money. It is not necessary to inquire whether by means of such a false affirmation, a cheat or fraud might not be practised under circumstances which w'ould subject the offender to a criminal prosecution ; but it seems to us essential in a case where there is no obvious connection between the result produced and the falsehood practised, that the facts should be set forth which do connect the consequence with the deceitful practice. It is a general rule in indictments, that
 
 “
 
 the special manner of the whole fact ought to be set forth with such certainty, that it may judicially appear to the Court, that the indictors have not gone upon insufficient premises.” Hawkins, b. 2, ch. 55, sec. 57. Now it is impossible for us to see, upon such a vague and defective statement, how a false representation by the defendant of the nature of an instrument which he had and exhibited, or presented, could have induced any person to give the defendant a bond for the payment of moneyr. It does not judicially appear to us that the indictors have
 
 not
 
 gone on insufficient premises. We are obliged, therefore, to declare the judgment, which has been rendered below, erroneous, and to reverse it.
 

 Pjek Curiam. Judgment reversed.