The indictment charged John York, Barney Sigmon and others, naming them, "unlawfully, violently, riotously and tumultously [tumultuously] assembled and gathered together to disturb the peace," etc., "and being so then and there assembled together, did then and there make great noises, riot, tumult and disturbance, and then and there unlawfully, violently, riotously, and tumultously [tumultuously] remained and continued together making such noise," etc., "for the space of a half hour or more, and being so assembled together for the purpose aforesaid, with sticks and stones, did follow and pursue one David Tallent for the purpose of assaulting and beating him, the said David Tallent," etc., to his great terror, etc.
Upon this indictment the defendants were found guilty, when their counsel moved an arrest of judgment, for the reason that the indictment is defective and insufficient, Motion overruled, whereupon the defendants appealed.
The defendants, with others, are indicted for a riot. If the indictment had stopped short of the charge, that being so riotously assembled, the defendants "with sticks and stones did follow and pursue one David Tallent, for the purpose of assaulting and beating him, to the terror of said Tallent and the good citizens of the State, then and there being and residing," it would have been (67) insufficient. Every indictment is a compound of law and fact, and it is essential that "the special manner of the whole fact must be set forth with such certainty that it may judicially appear to the Court that the indictors have not gone on insufficient premises." Statev. Fitzgerald, 18 N.C. 408; State v. Haithcock, 29 N.C. 52.
But when the indictment charges the armed pursuit of Tallent by a multitude, with the purpose and intent to assault and beat him, to his terror, it does charge facts, which the Court can see upon inspection, *Page 66 
constitute the crime alleged. For it is not necessary to constitute a riot, that the facts charged should amount to a distinct and substantative indictable offence. It is sufficient to complete this offence, that the facts charged shall constitute an attempt to commit an act of violence, which, if completed, would be an indictable offence. So, it is immaterial in our case, whether the facts set forth constitute an assault or an attempt to assault David Tallent, for the multitude, the unlawful purpose, the arms and the attempt to assault, constitute the crime, as a conclusion of law.
There is no error.
PER CURIAM. Judgment affirmed.
Cited: S. v. Davenport, 156 N.C. 615.