## A. M. LEE v. CLAYTON GILES.

### (Filed 2 April, 1913.)

1. **Wills — Devises—Widow's Dissent—Dower—Creditors—Interpretation of Statutes.**

   Where a widow, a devisee and executrix under her husband's will, does not dissent from the will within the period of time required by the law, and has qualified and acted as executrix for seventeen months, and then files her dissent and claims her dower interest, which is set apart to her, the effect of her act at that time, if the lands devised do not exceed the quantity she would be entitled to by right of dower, is to secure to her the lands devised free from the claims of creditors of the estate during her natural life (Revisal, sec. 3082) ; and thus taking under the will, the decree for dower does not in strictness confer any other estate on her.

2. **Same—Deeds and Conveyances—Mortgages—Interests in Lands.**

   Where a widow is executrix and devisee under her husband's will, and brings proceedings for the allotment of her dower after the statutory period allowed therefor, the effect of her allotment does not in form or effect amount to a dissent from the will nor to any renunciation of the devisee's estate under it; and where she has executed a mortgage thereon to secure money borrowed by her, her mortgage carries to the mortgagee as security for her debt the entire estate, subject to the rights of creditors as they may exist.

3. **Wills—Devises—Mortgages—Notice to Creditors—Interpretation of Statutes.**

   Where a widow, a devisee under her husband's will, has executed a mortgage on the lands devised more than two years, to wit, five years, etc., after the death of the testator, the mortgage is effective against creditors if taken in good faith and without notice of the insolvency of testator's estate.

4. **Same—Dower—Possession—Constructive Notice.**

   Where the widow and devisee of her husband has her dower interest in his lands set apart for her after the period of time allowed therefor by statute, and subsequently mortgages the land devised and allotted to her, being in possession thereof, the proceedings for dower, based on a petition containing allegations of insolvency, is not constructive notice to the mortgagee of the insolvency of the testator's estate; and he has a right to assume that the mortgagor, being in possession and holding the lands

under the devise, more than two years after the testator's death, without any proceedings of record brought by creditors of the estate, or judgments against it, is the sole owner and had the right to convey the lands thus held. The application of this doctrine of constructive notice, in this case, is not affected by an heir at law joining in the execution of the mortgage.

5. **Wills—Devises—Creditor's Bill—Lis Pendens—Mortgages—Foreclosure—Sales—Purchasers.**

Where a devisee of lands has mortgaged them, and thereafter a creditor's bill is brought to subject the lands, if necessary, to debts due by the deceased, making the devisee a party, the suit amounts to notice to all interested parties as a *lis pendens*, and where a sale of the lands is decreed, the purchaser thereat acquires the equity of redemption, which the devisee has held subject to the testator's debts; and where, subject to this notice of *lis pendens*, a foreclosure sale has been decreed, without making the creditors parties, and the land has been purchased 'by the mortgagee, he and those claiming under him are entitled to their mortgage lien on the lands, and are held accountable for the rents and profits during the time of their possession; for, being purchasers with constructive notice of the creditor's rights, the foreclosure sale is invalid as to them.

ALLEN and WALKER, JJ., did not sit on the hearing of this case.

APPEAL from *Carter, J.,* at August Term, 1912, of SAMPSON. Civil action to recover possession of a house and lot in Clinton, N. C., and for other relief. On the trial it was properly made to appear:

1. That Judge A. A. McCoy died resident in said county on 11 November, 1885, owning and possessed of certain real estate, including the house and lot in question, and leaving a last will and testament in which his widow, L. A. McCoy, was made the sole devisee of all his property, both real and personal, and containing provision that if she married again she was to share equally with such of his children as should be living at that time, and the widow was also appointed as executrix. At the time of Judge McCoy's death, he had one child, H. A. McCoy, who is still living, and a grandchild by his daughter, Mrs. Griggs.

2. That on 13 November, 1885, the widow qualified as executrix of the will and entered on the administration of the estate,

and on 20 April, 1887, becoming apprehensive that the debts would absorb the estate, under statute now Revisal, sec. 3082, she filed a petition for power in the Superior Court of the county, and same was allotted in the house and lot, the subject of present suit.

3. On 8 December, 1890, Mrs. L. A. McCoy executed to Mrs. Ellen Giles, of Wilmington, North Carolina, a mortgage on the property to secure the sum of $1,300, money borrowed. The son, Thomas A. McCoy, joined in the said mortgage deed, but the grandchild, A. L. Griggs, did not join. At that time no judgment had been docketed against the estate. An action to foreclose this mortgage was brought to the February Term, 1897 (record, p. 56), and judgment of foreclosure entered at April Term, 1897, in which W. K. Pigford was appointed commissioner to make sale of the land under the mortgage, and said commissioner sold same, and Ellen B. Giles, the mortgagee, bought it on 6 December, 1897, and deed was made her on 21 February, 1898. (Record, p. 63.) Ellen B. Giles, the purchaser, entered into possession of said dower lands immediately under her said deed, and she and the defendant remained in possession until the death of Mrs. L. A. McCoy, in June, 1910. Mrs. Ellen B. Giles died 22 September, 1908, without issue, and left a will devising this McCoy property to a kinsman, the defendant, Clayton Giles, who continued to hold possession of the said property after the death of the widow, L. A. McCoy, in June, 1910, and the plaintiff brought this suit to recover possession of same.

4. On 22 April, 1892, plaintiff instituted a general creditor's bill against the said executrix, and on 25 January, 1895, Thomas H. McCoy and A. McCoy Griggs were duly made parties defendant, being the only heirs at law. (Record, pp. 27 to 31.) This suit was to have accounting of estate and to enforce payment of debts by sale, if necessary, of all the real estate devised by the will of A. A. McCoy, and the same went to judgment, and was appealed to the Supreme Court, and is reported as *Lee v. McCoy,* 118 N. C., 518. Upon the opinion being certified down, the Superior Court rendered final judgment thereon at the February Term, 1897, by his Honor, *Judge McIver,*

condemning the land in controversy, to wit, the said house and lot in Clinton, to be sold to pay the debts of plaintiff and other creditors, and this judgment is rendered against the widow, L. A. McCoy, executrix, and the widow, L. A. McCoy, individually, and the two heirs at law. (Record, p. 37.) T. M. Lee was appointed, in the judgment, commissioner to sell the lands, and sold same, and the plaintiff, A. M. Lee, purchased same at said sale, as trustee for himself and other creditors, and a deed by said commissioner was made to him. (Record, p. 40.) The first tract in said deed was the tract assigned the widow as dower, and is the land in dispute.

On the admissions and facts in evidence, the court below held, in effect, that the petition for dower amounted to a dissent from the will of the husband, restoring the legal title of his realty to his children and heirs at law, subject to the dower interest allotted, to wit, in the house and lot, the subject in controversy; that Mrs. Giles, as to her mortgage interest, was a purchaser for value without notice as to one-half the property, to wit, the share of Mrs. H. A. McCoy, and that present defendant, as her representative and devisee, was entitled to collect same. That defendant's claim, under the mortgage, was subject to credits, the value of the life estate or dower interest at the time Mrs. Giles, the mortgagee, purchased and entered into possession of the property, and subject also to the annual rental value from the time of the death of Mrs. McCoy to day of present and final adjustment. Pursuant to this opinion and under the charge of the court, the following verdict was rendered:

1. Is the plaintiff the owner of and entitled to the immediate possession of the lands described in the complaint? Answer: Yes; subject, however, to an undivided one-half interest therein to the payment of such sum, if any, upon a full accounting, as may be found due to the defendant on the mortgage referred to in the pleadings.

2. Is the defendant in the wrongful possession of the same? Answer: Yes; since the death of L. A. McCoy, 10 June, 1910.

3. What is the annual rental value of said land? Answer: $100.

There was judgment that plaintiff was owner and entitled to possession of same; that defendant's mortgage was subsisting and unforeclosed as to the interest of Thomas H. McCoy, and that this claim and lien was subject to the credits; that plaintiffs had the privilege of paying off the amount due, if any found, and if not, claim to be enforced by sale, etc. From which judgment both plaintiff and defendants appealed.

*G. E. Butler and John D. Kerr for plaintiff.*
*Faison & Wright and H. A. Grady for defendant.*

HOKE, J., after stating the case: Our statute, Revisal, sec. 3082 (Code '83, secs. 2104-2115), provides that the dower or right of dower of a widow and such lands as may be devised to her by his will, if such lands do not exceed the quantity she would be entitled to by right of dower, although she has not dissented from such will, shall not be subjected to the payment of debts due from the estate of her husband during the term of her life, etc. In the present instance the widow did not dissent from her husband's will within a period of six months, the time as required by the law, and further having duly qualified as executrix and acted as such for seventeen months, the privilege was no longer open to her. She held, therefore, under the will and not against it, and the petition and decree for dower does not in strictness confer that or any other estate on her, but is a method permissible and proper under the statute by which her estate and interest is protected from creditors for the stipulated period of her natural life. *Tripp v. Nobles,* 136 N. C., 99; *Perkins v. Brinckley,* 133 N. C., 86; *Shackelford v. Miller,* 91 N. C., 181; *Simonton v. Houston,* 78 N. C., 408. This being the correct position, the petition and decree for dower did not amount in form or effect to a dissent from the will nor to any renunciation of the devisee's estate under it, and her mortgage carried to the mortgagee as security for her debt the entire estate, subject to the rights of creditors as they may have existed under the conditions presented. On that question the mortgage to secure $1,300 borrowed money, having been executed by the sole devisee more than two years, to wit, five years and one month, after the death of the testator,

is effective against creditors, if taken in good faith and without notice of the insolvency of the testator's estate. Revisal, sec. 70; *Francis v. Reeves,* 137 N. C., 269; *Bunn v. Todd,* 115 N. C., 138; *Arrington v. Arrington,* 114 N. C., 157.

There is no claim or suggestion in this instance that the mortgagee had actual notice, but it is insisted for plaintiff that the dower proceedings amounted in law to constructive notice, and that the widow being in possession of the property under a proceeding authorized by law and based on a petition containing allegations of insolvency, such possession is of itself sufficient to conclude the mortgagee as to notice; but we are of opinion that this position cannot be maintained on the facts as they appear of record. Our decisions are in full accord with the principle that when one buys real property from a vendor when a third person is in the open and notorious possession, the purchaser is held to take with knowledge or notice of the rights, legal or equitable, of the possessor—a position that is held to be conclusive with us, and obtains also in favor of the landlord of the present occupant. *Staton v. Davenport,* 95 N. C., 11; *Tankard v. Tankard,* 79 N. C., 54; *Edwards v. Thompson,* 71 N. C., 177.

The doctrine in question assumes that the interests acquired antagonize the rights of the occupant, and proceeds upon the theory that a purchaser is held to inquire of such occupant how and in what way he holds his possession, and the better considered authorities are to the effect that it should receive a reasonable construction, and, being designed to prevent an acquisition of property under circumstances suggestive in many instances of fraud, should not be unduly extended to the injury of innocent and meritorious claimants.

In the present case, as we have seen, the dower proceedings did not in fact confer any estate on the widow and devisee. The judgment created no lien on the property, nor did the index of judgments give any indication or suggestion of the nature of the proceedings or the contents of any petition. At that time no adversary proceedings on the part of the creditors or any one of them had been instituted which threatened or tended to threaten the ownership of the widow. These were

not commenced until more than a year after the execution of
the mortgage, to wit, in April, 1892. When the mortgagee,
therefore, was approached for a loan of money, it was by an
occupant in possession as sole owner under the terms of her
husband's will, and we think this was the extent of the knowl-
edge that should be imputed to her under any reasonable or
proper application of the principle of constructive notice, a
ruling that best comports with the reason on which the doc-
trine rests and with the principles established by the weight of
well-considered authority. *Francis v. Reeves,* 137 N. C., *supra;*
*Ferguson v. Edrington,* 49 Ark., 207; *Lincoln v. Thompson,*
75 Mo., 613; *Mullin v. Butte Hardware Co.,* 25 Mont., 525;
*Smith v. Yale,* 31 Cal., 180; *Rodgers v. Hussey,* 36 Iowa, 664;
*Le Neve v. Le Neve,* 2 White and Tudor's Leading Cases Eq.,
Part 1, p. 109; 2 Pomeroy Eq. Jur., 1027. See note to *Niles v.
Cooper,* 98 Minn., 39; *Garbritt v. Mayo,* 128 Ga., 269; *s. c.,* 13
L. R. A. (N. S.), 76; *Effeson v. Turpin,* 44 W. Va., 426.

In *Lincoln v. Thompson, supra,* it was held: "Possession
may in some cases be evidence of a claim, but when a particu-
lar claim is notorious and is sufficient to account for possession,
no one is called on to speculate as to the existence of some other
claim." And in the citation to Pomeroy's Equity the author
says: "The decisions may be regarded as agreeing upon the
conclusion, which also seems to be in perfect harmony with
sound principle, that where a title under which the occupant
holds has been put on record, and his possession is consistent
with what appears of record, it shall not be constructive notice
of any additional or different title or interest to a purchaser
who has relied upon the record and has had no actual notice
beyond what is thereby disclosed."

The conclusion arrived at on this feature of the case is no
wise affected by the fact referred to by plaintiff, that Thomas
A. McCoy, the son of the testator, joined his mother in the
execution of the mortgage. This was no doubt for the reason
that by the terms of the will an interest was devised to him in
case the mother should remarry, and has no significance one
way or the other on the question of notice.

While we hold that the mortgagee, to the extent of that interest, was an innocent purchaser within the purview of the statute, we concur with his Honor's view, that there has been no valid foreclosure of the mortgage. Recurring to the facts of record, it appears that in April, 1892, A. M. Lee, for himself and all other creditors, instituted a general creditors' bill against the executrix and sole devisee, for an account of the personalty and to enforce collection of their claims by judgment and otherwise by sale, if necessary, of all the real estate mentioned in the will of A. A. McCoy, deceased. In 1895, and before any proceedings commenced by the mortgagee, the heirs at law of the testator were duly made parties defendant. Judgment was entered, condemning the land, at February Term, and on sale plaintiff purchased and took a deed for the property. Under our decisions, this suit was notice to all persons interested of its purpose, and amounted to a *lis pendens* as to all the real estate of Judge McCoy embraced in the will and situate in the county of Sampson (*Arrington v. Arrington,* 114 N. C., 151), and on sale had under the decree the commissioner's deed conveyed to the plaintiff the equity of redemption, which at its institution and at the time of sale was in the devisee, subject to the payment of the testator's debts.

To the foreclosure proceedings instituted by the mortgagee, returnable to February Term, 1897, neither the creditors nor any one representing them were made parties, and under the principles recently announced in the well-considered case of *Jones v. Williams,* 155 N. C., 179, the interest arising to the creditors by reason of their suit and *lis pendens* was unaffected by the decree in the foreclosure proceedings. From this it follows that this defendant, the representative and devisee of Mrs. Giles, the mortgagee, has a valid lien on the entire property for the amount of his debt and interest, subject to a credit of the rents and profits of the property at $100 per year from the time possession was taken under the attempted foreclosure proceedings. That the plaintiff is the owner of said property subject to the above lien. That the appeals of plaintiff and defendant be modified in accordance with this opinion. The

costs of each appeal be equally divided between. them and an ordinary decree of foreclosure by sale of the property be entered.

·Modified and affirmed.

WALKER and ALLEN, JJ., not sitting.