THE VIRGINIA TRUST COMPANY ET AL. v. W. H. POWELL, ADMINISTRATOR.

(Filed 1 April, 1925.)

**Mortgages—Deeds in Trust—Foreclosure — Sales — Clerks of Court—Statutes—Resales—Parties—Actions.**

C. S., 2591, requiring among other things all foreclosure sales of land under the power thereof contained in the mortgage to be kept open for an increase of bid, is for the protection of the mortgagor, requiring the clerk of the court to order a resale upon the offer of increase of the bid upon certain conditions, and where the clerk of the court in an action by the trustee under the deed of trust to compel the bidder at the foreclosure sale to accept a deed to the land, it is established that thereafter a resale had been ordered by the clerk, and the bid at such sale was unenforceable, the mortgagors are necessary parties to the action, and without them it is error for a judgment in plaintiff's favor to be entered.

VARSER, J., not sitting, and taking no part in the decision of this case.

APPEAL by defendant from *Grady, J.,* at December Term, 1924, of COLUMBUS.

Civil action to require the administrator of E. F. Powell, deceased, to accept from plaintiffs a deed and pay for a certain tract of land, sold under the power of sale contained in a deed of trust and at which sale it is alleged the said E. F. Powell became the last and highest bidder. The following judgment was entered in the cause:

"This cause came on for hearing at Whiteville, N. C., during a regular term of the Superior Court, all parties being present and represented by counsel. It was agreed in open court that the presiding judge, Henry A. Grady, might find the facts and enter judgment thereon as he might view the law of the case, said judgment to be signed out of the term and out of the county, with the same effect as if signed and entered at term.

"Evidence was offered by the parties plaintiff and defendant, and upon such evidence and the admissions in the pleadings, and those made during the hearing, the court finds the following facts:

"1. The Virginia Trust Company is a banking corporation, created under the laws of Virginia, with its principal office in the city of Richmond.

"2. E. F. Powell died intestate, on 19 November, 1923, domiciled in Columbus County, and W. H. Powell, prior to the commencement of this action, qualified as administrator upon his estate, and is now acting in that capacity.

"3. On 1 June, 1918, W. D. Wooten and wife, Elizabeth, executed certain promissory notes to the Virginia Trust Company, and on the same day made to the plaintiffs Jerman and Scott, a deed of trust upon lands situate in Columbus County, North Carolina, to secure said notes, which deed of trust is of record in book D-2, page 471 of the register's office of said county.

"4. Default was made in the payment of said notes and the power of sale in said deed of trust became absolute, whereupon said lands were duly advertised and sold at the courthouse door in Whiteville, N. C., on 3 August, 1923, and bid in by one R. L. Brown; no report of said sale was ever made to the C. S. C.

"5. On 13 August, 1923, Elizabeth Wooten, one of the parties to the deed of trust, raised said bid and there was a resale under the orders of the C. S. C. and the lands were bid in by said R. L. Brown.

"6. On 17 September, 1923, E. F. Powell, defendant's intestate, deposited with the C. S. C. a 5% upset bid on said lands, whereupon the C. S. C. made the following entry on his record of sales:

" 'Whereas, E. F. Powell has filed five per cent, $200.00, paid no the purchase money paid for the above described land, and has paid the same to me, now, therefore, it is ordered, considered and adjudged that T. L. Johnson, trustee (note, T. L. Johnson was attorney for trustees, and this entry is a mistake as to the name of the trustee) advertise said land for resale for fifteen days in some newspaper published in Columbus County under provisions of chapter 146, Public Laws 1915, and chapter 124, Public Laws 1919.

" 'This 17th day of September, 1923.

" '(Signed) J. L. Memory, C. S. C.'

"And thereupon the deposit of Elizabeth Wooten was returned to her on 21 September, 1923.

"7. On 8 October, 1923, said lands were resold and bid in by E. F. Powell, defendant's intestate, at the price of $3,901.00, at which time he

paid to Thos. L. Johnson, attorney for the plaintiffs, the sum of $975.00 on the purchase price.

"8. On 18 October, 1923, an upset bid for said lands was made by W. D. Wooten, in the name of his mother-in-law, Mrs. Nora Fletcher, and he deposited with the clerk the sum of $195; whereupon the clerk entered the following order on his record of sales:

"'Whereas, Nora Fletcher has filed a five per cent, $195.00, bid on the purchase money paid for the above described lands, and has paid the same to me, now, therefore, it is ordered, considered and adjudged, that the Virginia Trust Company, trustee, advertise said lands for resale fifteen days in some newspaper published in Columbus County under provisions of chapter 146, Public Laws 1915, and chapter 124, Public Laws 1919.

"'This 18th day of October, 1923.

"'(Signed) J. L. MEMORY, C. S. C.'

"On the same date the following entry was made on said record, '$200.00. Received of J. L. Memory, C. S. C. the sum of $200.00.

"'(Signed) E. F. POWELL.'

"No order was made releasing the said E. F. Powell from his bid; but his money was returned to him when the upset bid of Nora Fletcher was filed.

"9. Protest was made by the plaintiffs that the bid of Nora Fletcher was not bona fide; and the court does now find as a fact that said bid was not bona fide, but was made by W. D. Wooten in the name of Nora Fletcher, both of them being insolvent, and for the sole purpose of hindering and delaying said sale, with no intention of really purchasing said lands.

"10. On 19 October, 1923, Nora Fletcher was directed by said clerk to excute a bond, as required by law, and upon her refusal to make said bond, on 29 October, 1923, the clerk made the following entry:

"'No bond having been given by Mrs. Nora Fletcher, this order is hereby stricken out. This 29th day of October, 1923.

"'(Signed) J. L. MEMORY, C. S. C.'

"This order had reference to the order of resale made by said clerk on 18 October, 1923. And thereupon the said Nora Fletcher withdrew her money and her bid by entry on said record of sales.

"11. That thereupon a deed was duly executed by the plaintiff trustee, conveying said lands to the said E. F. Powell, and said deed was tendered to him on 30 October, 1923, and said E. F. Powell, refused

to accept said deed and pay the balance of the purchase price on the ground that the said trustee could not convey to him a valid title to said lands, because of the upset bid theretofore filed by the said Nora Fletcher.

"12. The court finds as a fact that the plaintiffs did not have any notice of the orders made by the clerk, except that on 18 October, 1923, the clerk sent a postal card to plaintiff's counsel containing the following notice: 'Whiteville, N. C., 18 October, 1923. There has been 5% raise of bid placed in my hands on W. D. Wooten land this date.

"Very truly,

" 'J. L. MEMORY, C. S. C.'

"13. That E. F. Powell died on 19 November, 1923, suddenly, and afterwards said deed was again tendered to his administrator and the balance of the purchase money demanded of him; but he also refused to accept said deed, for the same reasons made by his intestate, and now contends that he is not required to accept the same because the heirs at law of E. F. Powell are not parties to this action and that the court cannot proceed to judgment for that reason.

"Upon the foregoing facts, and those admitted in the answer, the court is of the opinion that the defendant's intestate became the purchaser of said lands, and is bound by his bid; and it is therefore considered, ordered and adjudged that the plaintiff, Virginia Trust Company, have and recover of the defendant the sum of $2,926.00 with interest thereon at six per cent per annum from 18 October, 1923, and the costs of this action to be taxed by the clerk."

Defendant excepts and appeals.

*Johnson, Johnson & McLeod for plaintiffs.*
*Powell & Lewis for defendant.*

STACY, C. J. The facts are to be found in the judgment of the Superior Court, which will be reported herewith.

Let it be observed *in limine* that W. D. Wooten and wife, Elizabeth Wooten, makers of the deed of trust, and whose equity of redemption in the *locus in quo* is sought to be extinguished and cut off by the judgment rendered herein, are not parties to this proceeding. The judgment, therefore, would not be binding on them. *Jones v. Williams,* 155 N. C., 179.

The purpose and intent of C. S., 2591 is very well interpreted and declared by *Clark, C. J.,* in *Pringle v. Loan Asso.,* 182 N. C., 316, as follows:

"Chapter 146, Laws 1915, and amendments, now C. S., 2591, was intended for the protection of mortgagors where sales are made under

a power of sale without a decree of foreclosure by the court. In the latter cases there was always an equity to decree a resale when a substantial raise in the bid, usually 10 per cent, had been deposited in court. There being no such protection as to mortgages with power of sale, this statute was passed to extend to mortgagors, whose property had been sold under power of sale without a decree of foreclosure, the same opportunity of a resale when there has been an increased bid of 10 per cent when the bid at the first sale did not exceed $500, and of 5 per cent when the bid of the first sale was more than $500.

"This statute has been construed at this term, *In re Sermons, ante,* 122, not to require a report to the clerk of every sale made under a mortgage with power of sale, but that in all such cases if the prescribed amounts of the raise in bid is guaranteed, or paid, to the clerk he shall require the mortgagee or trustee to advertise and resell on 15 days notice. In short, the condition of a mortgagor in a mortgage with a power of sale is assimilated to the condition of property sold under a decree of foreclosure so far as the right to set aside the bid at the first sale and to require a resale."

And in the case of *In re Sermon's Land,* 182 N. C., p. 128, it was said: "The statute, sec. 2591, as we have seen, in express terms provides that any and all sales of this character shall remain 'unclosed for ten days,' but it confers no power on the clerk to make any orders in the matter except in case of an increase of bid, nor is any report required to be made in any other instance. That and that alone is the basis for his interference in sales of this kind. It might be well in the case presented if the law should give the clerk jurisdiction to make the order that justice and right would require, but thus far the statute has not done so, and we are not at liberty to go beyond the statutory provision."

See, also, the case of *In re Ware,* 187 N. C., 693, where the statute was again considered.

It will be observed that the upset bid of Mrs. Nora Fletcher was filed on 18 October, 1923, the last day open for making the same. It was accepted by the clerk, and a resale ordered. This, under the statute, insured another sale of the property. To strike out the order, 11 days thereafter, and declare the E. F. Powell bid final and binding, would be to deprive the mortgagors of any further rights under the statute. The title offered is not sufficient, under the facts of the present record, to extinguish the equity of redemption of W. D. Wooten and wife.

Error.

VARSER, J., not sitting and taking no part in the decision of the case.