CITY OF WINSTON-SALEM v. C. F. COBLE ET AL.

(Filed 31 December, 1926.)

**Municipal Corporations — Cities and Towns — Street Improvements— Statutes—Assessments—Petition of Property Owners.**

Where the abutting owners along a street of a city proposed to be widened by a municipality are to pay more than 50 per cent of its costs. the petition required by the statute to be filed with the municipality must show that it was signed by a majority of the owners along the street, including those who have a beneficial interest and each tenant in common when any of the lots are held in common, and the majority of such persons must own a majority of the frontage of the lots along the street. Chapter 107, Public Laws, extra session, 1924, amending chapter 220, Public Laws of 1923. 3 C. S., 2792(a), (b) ; C. S., 2707.

APPEAL by defendants from *Oglesby, J.,* at September Term, 1926, of FORSYTH. Dismissed.

The material facts will be set forth in the opinion.

*Parish & Deal for plaintiff.*
*Hastings & Booe, J. E. Alexander, L. M. Butler and Moses Shapiro for defendants.*

CLARKSON, J. The city of Winston-Salem instituted this action in the Superior Court of Forsyth County for the purpose of widening North Liberty Street in said city a distance of about two blocks by adding about ten feet to its present width. The proceeding, it is alleged,

was instituted under 3 C. S., 2792 (a) (b), etc. (chapter 220 of the Public Laws of 1923, as amended by chapter 107, Public Laws, extra session, 1924). It was a requirement to the city's right to make such improvement and assessment that a petition complying with the provisions of the amendments of 1924 (chapter 107, Public Laws, extra session, 1924) be signed by the requisite number of property owners. The petition of the plaintiff sets out the names of the alleged owners and others having interests in the twelve tracts of land included in the assessment district, and also the names of the persons who signed as the property owners for the improvement.

It is also alleged that there are twelve lots or parcels of land in the assessment district, considering the person who has the beneficial legal title and not considering as owners persons who have other interests in the lands, such as trustees under deeds of trust, beneficiaries under deeds of trust, or wife of the real owner. It is alleged that the owners of eight of the twelve lots signed the petition, and that the lots for which such owners signed have a total frontage of 911.25 feet, and the other lots in the district for which the owners have not signed a frontage of 534.60 feet. The persons who are owners of lots Nos. 4 and 10 are beneficiaries under the will of A. L. Stevenson and are 18 in number.

The demurrers filed by the defendants state that the petition does not state facts sufficient to constitute a cause of action, for the reason that a majority of the heirs of A. L. Stevenson have not signed it and it does not comply in other respects, etc., and therefore insufficient under C. S., 2707. That section, in part, is as follows: "The petition for a local improvement shall be signed by at least a majority in number of the owners, who must represent at least a majority of all the lineal feet of frontage of the lands (a majority in interest of owners of undivided interests in any piece of property to be deemed and treated as one person for the purpose of the petition) abutting upon the street or streets or part of a street or streets proposed to be improved," etc.

The defendants further demur *ore tenus* or move to dismiss in this Court. *Snipes v. Monds,* 190 N. C., 190. In substance:

First, because the words "Majority in number of the property owners," as used in the amendment to chapter 220, Public Laws 1923, include not only the persons having the beneficial legal title, but also trustees under deeds of trust, beneficiaries under deeds of trust, wives of the owners, all other persons having interests therein and therefore the property owners' petition being signed by only eight persons is insufficient.

Second, because the words "majority in number of the property owners," as used in said amendment, require that owners of undivided interests be counted separately and not as a group.

Public Laws of N. C., extra session, 1924, ch. 107, is as follows:

"SECTION 1. That chapter two hundred and twenty of the Public Laws of one thousand nine hundred and twenty-three be amended by adding after section two the following: *'Provided, however,* that no district shall be declared as an assessment district by the governing body of any municipality, where the purpose of the proposed improvements contemplated the opening of a new or the widening of an existing street and the destruction or removal of buildings abutting thereon, and where *as much or more than fifty per cent of the costs of such proposed improvement* is to be charged against the property within such district, unless and until a petition therefor *signed by at least a majority in number of the property owners, which must represent at least a majority of the street frontage* to be assessed within said district, shall be filed with the governing body of such municipality.' "

It will be noted that this amendment is to chapter 220, Public Laws 1923, adding it after section 2. The procedure under chapter 220, Public Laws 1923:

Section 3 is in part as follows: "Whenever a final order shall be made by such governing body creating such assessment district and directing the laying out, opening, extending, altering, straightening or widening any street or alley," etc., . . . "the governing body of such municipality *shall file with the clerk of the Superior Court its petition,*" etc.

SEC. 4. That upon the filing of said petition *the clerk of the Superior Court* shall issue a summons to the parties interested in the lands, . . . The said proceedings shall be conducted in all respects as are other special proceedings, and the clerk may issue process and make publication for parties and appoint guardians in like manner as is provided by law in the case of special proceedings."

SEC. 5. *The clerk of the Superior Court shall hear the proofs* and allegations of the parties, and if no sufficient cause is shown against granting the prayer of the petition, he shall make an order appointing three disinterested competent freeholders of the county as such commissioners," etc.

Section 9 makes provision for exception to report of commissioners and appeal to Superior Court, and then to Supreme Court.

As the point is not raised as to proceedings before the clerk in the first instance, we will not consider it.

The resolution of the board of aldermen states: "That not exceeding 25 per cent of the total cost of said improvement shall be chargeable against the city of Winston-Salem at large."

The controversy comes within chapter 107, Public Laws 1924, extra session, amendment to chapter 220, Public Laws 1923, as more than 50 per cent of the costs of such improvement is to be charged against the property in the district.

The material bone of contention between the parties, and the only one we will consider, relates to the construction of the above amendment: *"Unless and until a petition therefor signed by at least a majority in number of the property owners which must represent at least a majority of the street frontage to be assessed within said district,"* etc.

The facts in reference to the contention: The petition alleges that the total feet frontage is 1445.85; that there are twelve lots or parcels of land; that those who hold the beneficial legal title, that is not considering as owners persons who have other interests in the land such as trustees under deeds of trust, beneficiaries under deeds of trust or wives of real owners. That eight of those who have the beneficial legal title have signed, and they have a total frontage of 911.25 feet, and the others who have not signed have a total frontage of 534.60 feet.

The record shows that the other four who hold the beneficial legal title—one is A. L. Stevenson's estate that owns 260.80 feet frontage, lots 4 and 10, and his devisees are eighteen in number, owners of undivided interests—one of the number, Mrs. J. J. Mock, it is alleged, signed the petition. It is contended by defendants, taking those who hold the beneficial legal title and others, including wives, trustees, beneficiaries or *cestui que trustents* there are fifty-one and more.

Plaintiff puts the construction on the amendment as follows: "It will be noted that the amendment provides that no such improvement shall be made 'unless and until a petition therefor signed by at least a majority in number of the *property owners which must represent at least a majority of the street frontage* to be assessed within said district shall be filed with the governing body of such municipality. By modifying the words 'property owners' with the clause, 'which must represent at least a majority of the street frontage to be assessed,' it will be seen that the Legislature had in mind not simply a majority of the property owners within the district, but a majority of the property owners in the district as such majority relates to the quantity of the land in the district owned by them."

The plaintiff in its brief says: The question "whether or not the group of persons who own lots 4 and 10 should be counted as a group or as individual owners? If they are to be counted as eighteen separate owners, then the petition of the property owners had not been signed by a majority. If they are to be counted as a group, then the petition was signed by a majority." We think they should be signed as separate owners.

It will be noted that the amendment of 1924 is restrictive. Where the property owner has to pay over 50 per cent of the cost then the municipality as a condition precedent must obtain at least a majority in number of the property owners, and this majority of property owners

must have a majority of street frontage. It is thus written, we interpret, and not make the law. The language we think is clear. It may be a hardship on the others who want the street improvements, but this is for the Legislature, not the Court. The eighteen persons interested in the A. L. Stevenson estate are property owners, although their holdings are small, they come within the language of the statute. The question raised as to wives, trustees, etc., should sign, it is unnecessary to pass on.

C. S., 456, in part, is as follows: "Any person claiming title or right of possession to real estate may be made party plaintiff or defendant, as the case requires, to such action."

For plaintiff ultimately to get a good title it would be necessary to have all interested parties before the court. Latter part of section 3, ch. 220, Public Laws 1923, is as follows: "And such petition shall state the names and addresses of the owner or owners who have any interest in the lands therein which may be affected by the said condemnation or the said assessment of benefits, and whether any of the said owners are minors or without guardians." *Jones v. Williams,* 155 N. C., 179; *Barrett v. Barnes,* 186 N. C., 158; *Trust Co. v. Powell,* 189 N. C., 372.

For the reasons given, the motion to dismiss is allowed.

Dismissed.