WILLELLA M. RIDDICK AND HUSBAND, JOE L. RIDDICK, AND H. H. RIDDICK v. NATHAN DAVIS AND WIFE, MARY E. DAVIS, CHARLIE DAVIS AND WIFE, MATTIE T. DAVIS, JAMES WOODLEY AND WIFE, FANNIE WOODLEY.

(Filed 8 October, 1941.)

1. **Mortgages § 31b—Trustors are necessary parties to action by purchaser at foreclosure sale to obtain authority for infant trustee to execute deed.**

A proceeding under C. S., 994, to obtain a "decree" of the court directing an infant trustee to convey the property to the purchaser at the foreclosure sale is an action in the nature of an equitable proceeding to foreclose the deed of trust, and, in the light of the history of the enactment and the doctrine that equity will not deprive a party of his property without a hearing, together with the statutory provisions relating to parties, C. S., 446, 456, 460, and the rule that all parties having an interest in the equity of redemption should be parties to a proceeding for foreclosure, *it is held* that the trustors are necessary parties to an action instituted by the purchaser at the foreclosure sale to obtain authority for the infant trustee to execute deed.

2. **Mortgages § 39f: Judgments § 29—**

Where the trustors are not made parties to an action by the purchaser at the foreclosure sale to obtain authority for the infant trustee to exe-

cute deed, they are not bound by the decree directing the infant to execute deed, and their equity of redemption is not extinguished thereby and they may redeem the land as against the purchaser at the sale or the transferee of the purchaser.

APPEAL by defendants from *Harris, J.,* at August Term, 1941, of HALIFAX.

Civil action in the nature of ejectment.

On 5 January, 1939, defendants, being indebted to L. A. Parks in the sum of $2,500, evidenced by their five certain interest bearing notes of $500 each, the first being payable 1 December, 1939, and one on each 1 December thereafter until all matured, executed and delivered to Lucille Parks, Trustee, a deed of trust which was duly acknowledged, probated and registered, conveying certain land in Halifax County, North Carolina, known as the Doggett farm, therein described, as security for said indebtedness, granting power to sell in the event of default in the payment of said indebtedness all as therein set forth. Lucille Parks, the trustee, is the daughter of L. A. Parks, the *cestui que trust,* and, though not so stated in the deed of trust, she was at the time of its execution a minor 17 years of age. Thereafter, L. A. Parks assigned said notes to Standard Fertilizer Company.

Upon default in payment of the indebtedness, the trustee, at the request of said company and acting under the provisions of said deed of trust, advertised and sold said land on 15 February, 1940, when said company became the last and highest bidder for the sum of $2,000. This bid not having been raised, Standard Fertilizer Company instituted an action on 4 March, 1940, against Lucille Parks, on whom summons was served and for whom guardian *ad litem* was appointed the same day.

In complaint filed in said action it is alleged that defendants executed the said deed of trust for the purpose of securing certain notes; that L. A. Parks assigned the notes to Standard Fertilizer Company; that defendants had defaulted in payment of notes by reason of which, at request of said company, the trustee advertised and sold the land, when it, the company, became the last and highest bidder for the sum of $2,000; that no upset bid has been made and the company is entitled to have the trustee execute and deliver to it deed for said land upon payment of the purchase price which it is willing and able to do; and that the trustee is willing and ready to complete the sale by executing a deed to it, but that she is a minor of the age of 18 years, and it will be necessary that she be authorized by order of court so to do, in accordance with provisions of section 994 of Consolidated Statutes of North Carolina.

The guardian *ad litem* filed answer admitting each and all of the allegations of the complaint.

Thereupon, on 6 March, 1940, "Carr, Judge, presiding in the Third Judicial District and regularly holding the courts of said District" signed judgment authorizing Lucille Parks, as trustee, to execute a deed in the foreclosure of said deed of trust in the same manner as if she were of full age, and further adjudging "that the acts of the said Lucille Parks, trustee, in advertising and offering for sale the land conveyed in said deed of trust, as set out in the complaint filed herein be, and the same are hereby declared valid."

Pursuant thereto, the trustee executed deed to Standard Fertilizer Company and it conveyed the land to plaintiffs herein, who allege that they now have title thereto and bring this action to recover of defendants possession of same.

Defendants were not parties to the said action.

While in answer filed in the present action, and in court, defendants admit the execution of the deed of trust, the sale by the minor trustee and the judgment in the action instituted by the Standard Fertilizer Company *v.* Lucille Parks, minor, they aver that in view of the fact that they were not parties to the said action, judgment therein is not binding on them, and, hence, as to them there has been no confirmation of the sale, and assert the right to redeem. They aver actual tender of the amount due.

When the case came on for hearing in the Superior Court upon the reading of the pleadings and the exhibits therein referred to, the defendants, through counsel, announced that they were not contending that the sale was not regular and in due form. Whereupon, counsel for plaintiff moved for judgment, and "Upon consideration of the pleadings and the exhibits, to wit, the deed of trust from defendants to Lucille Parks, trustee, the judgment roll in the action by Standard Fertilizer Company *v.* Lucille Parks—it being further admitted that the plaintiffs hold under the deed from the trustee by succession," the court being of opinion that the plaintiffs are owners in fee simple and entitled to possession of the land described in the complaint, so adjudged and ordered that a writ of assistance issue immediately to put plaintiffs in possession of the land.

Upon argument here counsel for defendants announces that defendants are ready, able and willing to pay the amount due, and tender same.

Defendants appeal to the Supreme Court and assign error.

*Wade H. Dickens for plaintiffs, appellees.*
*H. S. Ward for defendants, appellants.*

WINBORNE, J. Upon the facts shown in the record on this appeal, these questions arise for decision:

(1) Are the makers of the deed of trust necessary parties to the action instituted under the provisions of C. S., 994, by the purchaser at the foreclosure sale for the purpose of obtaining authority for the infant trustee to execute a deed pursuant thereto?

(2) If so, may the makers of such deed of trust, not having been parties to such action, exercise equity of redemption against such purchaser to whom deed has been made by the infant trustee upon order of court?

The language of the statute and the rationale of kindred decisions point to affirmative answer to each of these questions.

It is provided in C. S., 994, that "When an infant is seized or possessed of any estate in trust, whether by way of mortgage or otherwise, for another person who may be entitled in law to have a conveyance of such estate, . . . the court may decree that the infant shall convey and assure such estate, in such manner as it may direct, to such other person; and every conveyance and assurance made in pursuance of such decree shall be as effectual in law as if made by a person of full age."

In this connection it is interesting to note that this statute, C. S., 994, is derived from an Act of the 1821 session of the General Assembly (Laws of North Carolina, 1821, ch. XXXIX), entitled: "An Act to enable infants who are seized or possessed of estates in fee, in trust, or by way of mortgage, to make conveyance of such estates."

The preamble to the act and the act read as follows:

"Whereas many inconveniences do and may arise, by reason that persons under the age of one and twenty years, having estates in lands, tenements or hereditaments, only in trust for others, or by way of mortgage, cannot (though by the direction of the *cestay que trust,* or mortgagor) convey any sure estate in any such lands, tenements or hereditaments, to any other person or persons; for remedy thereof,

"Be it enacted by the General Assembly of the State of North Carolina, and it is hereby enacted by the authority of the same, That it shall and may be lawful to and for any such person or persons, under the age of one and twenty years, by the direction of the Court of Equity of the County in which such lands, tenements or hereditaments are situate signified by an order made upon hearing all parties concerned, on the petition of the person or persons for whom such infant or infants shall be seized or possessed in trust, or of the mortgagor or mortgagors, or guardian or guardians of such infant or infants or person or persons entitled to the moneys secured by or upon any lands, tenements or hereditaments, whereof any infant or infants, are or shall be seized or possessed by way of mortgage, or of the person or persons entitled to the redemption thereof, to convey and assure any such lands, tenements or hereditaments, in such manner as the said Court of Equity shall by such

order so to be obtained, direct to any other person or persons; and such conveyance or assurance so to be had and made as aforesaid, shall be as good and effectual in law, to all intents and purposes whatsoever, as if the said infant or infants were, at the time of making such conveyance or assurance of the full age of one and twenty years; any law, custom or usage to the contrary in any wise notwithstanding.

"II. And be it further enacted by the authority aforesaid, That all and every such infant or infants, being only trustee or trustees, mortgagee or mortgagees as aforesaid, shall and may be compelled by such order so as aforesaid to be obtained, to make such conveyance or conveyances, assurance or assurances as aforesaid in like manner as trustees or mortgagees of full age are compellable to convey or assign their trust, estates or mortgages."

As originally enacted the statute, omitting the preamble, was re-enacted in almost the same language in Revised Code Statutes (1837), ch. 37, sec. 31. However, in subsequent enactments the Revised Code (1854), ch. 37, sec. 27, Code of 1883, sec. 1265, and Revisal of 1905, sec. 1036, the statute appears in condensed form reading substantially as appears in sec. 994, C. S., 1919, except in the Revised Code the court referred to is a court of equity.

Too, it may be noted that when this Act was originally passed distinction between actions at law and suits in equity existed in this State—that distinction not having been abolished until the adoption of the Constitution of 1868. See North Carolina Constitution, Art. IV, sec. 1; C. S., 399.

Thus it appears that the Legislature of 1821, in providing a remedy against the imperfection of trust estates conveyed by infant trustees, contemplated specifically an order in a court of equity "made upon hearing all parties concerned," on the petition of "mortgagor or mortgagors," or others therein named. This, at least, throws light upon the intent of subsequent enactments referred to, including C. S., 994.

The language of the statute, C. S., 994, that "the court may decree" is indicative of the procedure prescribed in the original act, that is, a proceeding in equity. A decree is the judgment of a court of equity, corresponding for most purposes to the judgment of a court at law. It is an order of a court, pronounced on hearing and understanding all the points in issue, and determining the rights of all the parties to the suit, according to equity and good conscience. Black's Law Dictionary, 3rd Edition.

The remedy prescribed by the statute, relating as it does, in the present action, to the foreclosure of a deed of trust, must be, under our form of civil procedure, an action in the nature of an equitable proceeding to foreclose a mortgage. No other remedy is given by statute. Hence, it is exclusive and must be resorted to, and in the manner prescribed.

*Wilkinson v. Boomer,* 217 N. C., 217, 7 S. E. (2d), 491; also *Bar Association v. Strickland,* 200 N. C., 630, 158 S. E., 110; *Maxwell, Comr. of Revenue, v. Hinsdale,* 207 N. C., 37, 175 S. E., 847; *Rigsbee v. Brogden,* 209 N. C., 510, 184 S. E., 24.

Regarding parties to an action in this State, it is provided by statute that every action must be prosecuted in the name of the real party in interest, C. S., 446. It is also provided that all persons who have, or claim to have, an interest in a controversy adverse to the plaintiff, or who are necessary parties to a complete determination or settlement of the question involved, may be made defendants. C. S., 456. And the statute further requires that when a complete determination of the controversy cannot be made without the presence of other parties, the court must cause them to be brought in. C.S.,460.

Furthermore, the decisions in this State are uniform in holding that all persons, having an interest in the equity of redemption, should be parties to a proceeding for foreclosure. *Jones v. Williams,* 155 N. C., 179, 71 S. E., 222; *Lee v. Giles,* 161 N. C., 541, 77 S. E., 852; *Barrett v. Barnes,* 186 N. C., 154, 119 S. E., 194; *Bank v. Watson,* 187 N. C., 107, 121 S. E., 181; *Trust Co. v. Powell,* 189 N. C., 372, 127 S. E., 242; *Winston-Salem v. Coble,* 192 N. C., 776, 136 S. E., 123; *Guy v. Harmon,* 204 N. C., 226, 167 S. E., 796; *Bank v. Thomas,* 204 N. C., 599, 169 S. E., 189, and many others.

While in a mortgage or deed of trust to secure a debt the legal title to the mortgaged premises passes to the mortgagee or trustee, as the case may be, the mortgagor or trustor is looked upon as the equitable owner of the land—with the right to redeem at any time prior to foreclosure. This right, after the maturity of the debt, is designated "his equity of redemption." See *Stevens v. Turlington,* 186 N. C., 191, 119 S. E., 210; *Crews v. Crews,* 192 N. C., 679, 135 S. E., 784, and cases cited.

2. Defendants, not having been parties to the proceeding instituted by the purchaser at the foreclosure sale to obtain authority for the infant trustee to execute a deed pursuant to such sale, are not bound by the judgment rendered. See *Trust Co. v. Powell, supra,* an action to compel an administrator to comply with a bid of his intestate for property offered at foreclosure sale under a deed of trust. *Stacy, C. J.,* speaking for the Court, said: "Let it be observed *in limine* that W. D. Wooten and wife, Elizabeth Wooten, makers of the deed of trust and whose equity of redemption in the *locus in quo* is sought to be extinguished and cut off by the judgment rendered herein, are not parties to this proceeding. The judgment, therefore, would not be binding on them," citing *Jones v. Williams, supra.*

Hence, defendants are not foreclosed of their equity of redemption. When a court of equity, or a court having equitable jurisdiction, is

invoked to grant relief, it strives to do justice and will not deprive a party of his property without a hearing. *Jones v. Williams, supra.*

The judgment below will be

Reversed.