From the facts properly presented it was made to appear that R. L. Sermons and wife having executed a mortgage with power of sale to H. L. Sermons, of date 12 September, 1919, to secure three promissory notes aggregating $3,200. The mortgagee, for valuable consideration, duly assigned said notes and mortgage and the land conveyed to Merchants Bank of Kinston, N.C. by assignment under seal, written on back of said mortgage, as follows: "For value received, I hereby transfer and assign all my right, title, interest and estate in and to the within mortgage and the property conveyed therein to the Farmers and Merchants Bank of Kinston, N.C. including the power of sale therein contained. This 12 December, 1919." Default having been made in the payment of said note and requirements of the mortgage, the said bank sold same by proper advertisement in said county on 18 April, 1921, at which Clarence Oettinger became the last and highest bidder in the sum of $4,500, and said sale was immediately reported to the clerk of the Superior Court of the county. *Page 132 
It appears further that within the ten days, where it is provided by statutes that such a sale "should not be deemed closed," C.S., sec. 2591, the dwelling house on the lot, amounting to a third or more of its value, was accidentally destroyed by fire, whereupon the bidder, Clarence Oettinger, filed his petition before the clerk alleging the facts and asking that sale be rescinded and the applicant be relieved from his bid. The clerk being of opinion against the applicant, entered his judgment as follows: "This cause coming on to be heard and being heard upon the petition and affidavit of Clarence Oettinger, and the court finding that the building described in the petition was a material part of the value of the premises and was destroyed by fire as set out in the affidavit, but the court being of the opinion that the destruction of said house by fire does not affect or release the petitioner's liability or his said bid, and that (125) it has no jurisdiction and is not vested with power to set aside the sale and to direct a resale, denies the petition, confirms the sale and directs the assignee of the mortgagee to collect the purchase money and execute deed to the purchaser."
On appeal by the bidder from the order his Honor, Devin, J., reversed the action of the clerk and entered judgment as follows:
"This cause came on to be heard before Devin, J., upon the appeal of Clarence Oettinger, petitioner, from an order of the clerk of the Superior Court of Craven confirming a sale and denying petitioner's plea to withdraw his bid therein.
"This was a proceeding before the clerk in relation to sale of land under mortgage made by the Farmers and Merchants Bank, assignee of mortgage. After due advertisement sale was made under power contained in the mortgage and reported to the clerk. At the sale the petitioner became the last and highest bidder for the land at the price of $4,500. A material inducement to the sale and one relied on by the petitioner was the statement at the sale that a valuable dwelling house was situated on said land.
"After said sale and within ten days thereof, and before confirmation, the dwelling house on said land was, without fault on part of petitioner, accidentally destroyed by fire. Thereupon petitioner filed his plea asking that he be allowed to rescind his bid and that the sale be not confirmed.
"The facts set forth in the petition are found by the clerk to be true, and his findings are approved by the judge.
"It therefore appearing by the admitted facts that a substantial part of the property, to wit, a third or more in value, was destroyed after sale and before confirmation, and that such fact was a material inducement for petitioner's bid and a substantial part of the consideration thereof, and that the property has been physically *Page 133 
changed before confirmation, that the court is of the opinion that before confirmation no title had passed to petitioner and that his rights were only those of a preferred bidder, and that the loss sustained by the destruction of a portion of the property ought not to fall upon the petitioner when he had neither possession to enable him to protect it, nor title to permit him to insure it, and had only the uncertain right of a preferred proposer and the assignee of the mortgage unable to make title to the petitioner for all the property advertised and bid off by him, the court should not now confirm the sale and order him to pay the full purchase price. For these reasons the order of the clerk herein is overruled and a resale of the property according to law directed to be made."
To this judgment the assignor of the mortgage excepts and appeals to the Supreme Court. Notice waived, etc. Appeal bond given.
It is further stated in the record that upon the foregoing appeal being prayed there was no request for a stay bond (126) by the applicant and none was fixed by the judge. Thereafter the land was advertised and sold again on 1 August, 1921, when and where the former bidder, Clarence Oettinger, again became the last and highest bidder in the sum of $2,500, which bid was reported to the clerk, and after a delay of ten days from the filing of the report, order was made that a deed be executed. No increased bid had been made.
After stating the case: Chapter 54, section 2591, Consolidated Statutes, is as follows: "In the foreclosure of mortgages or deeds of trust on real estate, or in the case of public sale of real estate by an executor, administrator, or administrator with the will annexed, or by a person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, and the same is paid to the clerk of the Superior Court, the mortgagee, trustee, exin the first instance. The clerk may, in his discretion, require the sale of said property and advertise the same in the same manner as in the first instance. The clerk may, in his discretion, require the person making such advance bid to execute a good and sufficient bond in a sufficient amount to guarantee compliance with the terms of sale should the person offering the advance bid be declared the purchaser at the resale. Where the bid or offer is raised as prescribed *Page 134 
herein, and the amount paid to the clerk, he shall issue an order to the mortgagee or other person and require him to advertise and resell said real estate. It shall only be required to give fifteen days notice of a resale. Resales may be had as often as the bid may be raised in compliance with this section. Upon the final sale of the real estate the clerk shall issue his order to the mortgagee or other person, and require him to make title to the purchaser. The clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between parties. This section shall not apply to the foreclosure mortgages or deeds of trust executed prior to 1 April, 1915." The section enters and must be allowed controlling effect upon every deed of trust or mortgage with power of sale executed since the date specified, see White v. Kincaid, 149 N.C. 415, and provides and intends to provide that during the ten days, as stated in the first clause, the bidder acquires no interest in the (127) property itself, but he acquires a position similar to a bidder at a judicial sale and before confirmation. This in our opinion follows not only as the natural meaning of the words used, that the sale shall not be deemed closed under ten days, but the position is fully confirmed by the further provision of the law that during said ten days the matter is kept open for receipt of increased bids, and in case the stipulated increase is made, the property shall be readvertised and a second sale had. This being clearly the meaning of the law and the position of the purchaser. It is the accepted law in this State that a bidder at a judicial sale before confirmation acquires no interest in the property itself, but his bid is considered only a proposal to buy, which the court may accept or reject in its discretion. In Upchurch v. Upchurch, 173 N.C. 88-90, the court said: "His offer is considered only as a proposition to buy at the price named, the court reserving the right to accept or reject the bid." And in Harrell v. Blythe, 140 N.C. 415, quoted with approval in theUpchurch case, the position is stated as follows: "Where land is sold under a decree of court, the purchaser acquires no independent right. He is regarded as a mere preferred proposer until confirmation, which is the judicial sanction or the acceptance of the court, and, until it is obtained, the bargain is not complete." Under the facts presented, therefore, the bidder during the ten days covered by the statute acquired no interest in the property, and in such case it is very generally held that where pending a contract for sale of improved real estate, the buildings thereon are damaged by fire the loss, as a rule, must fall upon the owner, and if the destruction wrought is such as make a material change in the property or *Page 135 
substantially impair its value, specific performance will not be enforced at the instance of the vendor and the bidder will be relieved of his obligation. By the weight of authority on the subject, when there exists a binding and enforcible contract to convey, the vendor being in the present position to make title, the purchaser is regarded as the owner and the loss must fall on him. But where the vendor has not yet obtained a title, or where the bargaining between the parties has not been such as to give the proposed purchaser any interest in the property, or the contract is otherwise incomplete, the loss, as stated, falls on the vendor, and under the circumstances indicated he may not insist on performance. Sutton v. Davis, 143 N.C. 474;Phinizy v. Guernsey, 111 Ga. 346; Huguenin v. Courtenay,21 S.C. 403; Eppstein v. Kuhn, 225 Ill. 115; Lombard v. Chicago SinaiCongregation, 64 Ill. 477; Christian v. Cabell, 63 Va. 82; Blew v.McClelland, 29 Mo. 304; Pomeroy on Contracts, secs. 434-435; 29 A. E. (2 ed.), 712-713. In the citation to 29 A. E., supra, it is said, "to the general rule that the purchaser must bear all losses there is one well recognized exception, that if the loss occurs at a time when for any reason the contract lacks completion, (128) the vendor being in such case the owner in equity, must be responsible for the loss. Thus where the loss occurs before the vendor is in a position to convey a good title, it will fall on the vendor. So also where the vendor has an option to withdraw from the contract. But to make the vendor bear the loss, he must be in some fault other than mere delay in making the deed where he has never been requested to make it." And the principle as stated has been directly applied to the case of a bidder at a judicial sale and before confirmation. 4 Edwards Chancery (N.Y.) 702; Ex parteMinor, 11 Ves. Jr. 559; 32 Eng. Rep. 1205; 24 Cyc. 34, and cases cited in note 54. As has been heretofore stated, during the ten days where the statutes provide that the sale shall be considered unclosed and open for further bids the applicant in the instant case is in a position exactly similar and the building having been destroyed during that period making a diminution in value of $2,000 in a $4,500 sale. We think his Honor correctly ruled that the proposed purchaser should be relieved and a resale had under the powers contained in the deed. As well said by the presiding judge in entering his judgment to that effect: "It therefore appearing by the admitted facts that a substantial part of the property, to wit, a third or more in value, was destroyed after sale, and that such fact was a material inducement for petitioner's bid and a substantial part of the consideration thereof, and that the property has been physically changed before confirmation, the court is of the opinion that before confirmation no title had passed to petitioner and that his rights were only *Page 136 
those of a preferred bidder, and that the loss sustained by the destruction of a portion of the property ought not to fall upon the petitioner when he had neither possession to enable him to protect it, nor title to permit him to insure it, and had only the uncertain right of a preferred proposer." While we hold that the same should be set aside at the instance of the bidder, we are of the opinion that on the record neither the clerk nor the judge on appeal from him had jurisdiction or power on the bidder's mere application to make any orders affecting the rights of the parties in the premises. The power of foreclosure by advertisement and sale of the mortgagee or trustee fills a useful and important place in our business life and should not be interfered with except to the extent expressly provided by law. The statutes, section 2591, as we have seen, in express terms provides that any and all sales of this character shall remain "unclosed for ten days," but it confers no power on the clerk to make any orders in the matter except in case of an increase of bid, nor is any report required to be made in any other instance. That and that alone is the basis for his interference in sales of this kind. It might be well in the case presented the law should give the clerk jurisdiction to make the order that justice and right would require, (129) but thus far the statutes has not done so, and we are not at liberty to go beyond the statutory provision. We consider it not improper to say, however, that as the parties have gone on and had another sale in which the same purchaser became the last and highest bidder, with or without orders of the clerk this was the proper course to pursue, and if the facts are as now admitted, no court would make other disposition of the matter. And inasmuch as the assignment written on the back of the mortgage and under seal transfers both the interest of the mortgagee and the power of sale, as well as the property contained in the mortgage, such assignment and deed clearly confers the right of foreclosure on the bank, the assignee. Weil Bros. v. Davis, 168 N.C. 298. The case is thus distinguished from Williams v. Teachey, 85 N.C. 402, and that class of cases, in which it was held that as the assignment didn't purport to pass the property itself, the power of sale and right of foreclosure remained in the mortgagee. Being of the opinion that on the record and a proper interpretation of the statutes the clerk and the judge on appeal from him are without jurisdiction to make orders and decrees in the matter, we must hold that the appeal and other proceedings be dismissed. But we have deemed it not improper to express an opinion on the facts contained in the record, a course pursued by the Court in exceptional instances where the importance and general interest in the question presented make it desirable. *Page 137 Gilbert v. Shingle Co., 167 N.C. 287-290; Milling Co. v. Finlay,110 N.C. 411; S. v. Wylde, 110 N.C. 500.
This will be certified that the cause be Dismissed.
Cited: S. v. Yates, 183 N.C. 756; Grocery Co. v. Newman, 184 N.C. 375;Lawrence v. Beck, 185 N.C. 198; Warehouse Co. v. Warehouse Corp.,185 N.C. 523; In re Ware, 187 N.C. 694; Trust Co. v. Powell, 189 N.C. 376;Briggs v. Developers, 191 N.C. 787; Cherry v. Gilliam, 195 N.C. 235;Hanna v. Mortgage Co., 197 N.C. 186; Banking Co. v. Green, 197 N.C. 537;Davis v. Ins. Co., 197 N.C. 620; Alexander v. Boyd, 204 N.C. 106; Creechv. Wilder, 212 N.C. 165; Beaufort County v. Bishop, 216 N.C. 215; Poolev. Scott, 228 N.C. 466; Foust v. Loan Asso., 233 N.C. 37; Products Corp.v. Sanders, 264 N.C. 242.