IN RE MORTGAGE SALE OF J. H. WARE PROPERTY.

(Filed 7 May, 1924.)·

1. **Sales—Mortgages—Statutes—Clerks of Court—Jurisdiction.**

Under the provisions of C. S., 2591, the clerk of the court has no jurisdiction, except to order a resale of land sold under the power of sale of a mortgage when, within the ten days required by the statute, the bid at the sale has been raised; and a mere statement made at the foreclosure sale that the purchase price be paid in cash upon confirmation, implies only that the cash would be required if the bid should not be raised in the amount and time prescribed by law.

2. **Same—Appeal.**

The discretion vested in the Superior Court judge on appeal from the clerk, C. S., 637, to hear and determine the matter in controversy, unless it appear to him that justice would be more cheaply or speedily administered by remanding it to the clerk, cannot confer jurisdiction on the judge to pass upon the reasonableness of the price of land sold under the power of sale in a mortgage, wherein the clerk has no authority under C. S., 2591, to further pass thereon in the absence of an increased bid.

APPEAL by J. H. Ware from *Shaw, J.,* at November Term, 1923, of DAVIDSON.

On 24 March, 1920, J. H. Ware executed to Mrs. M. McIntyre a mortgage to secure an indebtedness of $2,000. The mortgage was duly recorded. After default in payment of the indebtedness, the mortgaged land was advertised under the power of sale in said mortgage and sold on 27 September, 1923. The proceedings were regular in all respects.

The sale was reported to the clerk of the Superior Court of Davidson, and no advance bid having been filed by the clerk, the mortgagee on 11 October, 1923, executed to the purchaser a deed for said lands which was probated 16 October, 1923, and filed for registration in the office of the clerk the next day at 8:15 a. m. Thereafter, on 17 October, the appellant filed his petition asking as a matter of equity that confirmation of said sale be refused and a resale ordered on the allegation that the price paid was inadequate and that the notice of sale had stated that the terms of sale were cash on confirmation, but that the sale·had not been confirmed by the clerk. The clerk of the court refused to grant the petition, and on appeal to the Superior Court the judge, upon the above facts as found by the clerk, and after hearing further evidence and argument, affirmed the judgment of the clerk, holding that he had no power to set aside the sale, but added that if he had the power he would in his discretion set it aside. Appeal by petitioner.

*Walser & Walser for petitioner.*
*H. R. Kiser for appellee.*

Clark, C. J. There is no allegation in the petition of any fraud nor of any irregularity, and upon the facts found by the clerk, the sale was in every respect regular.

C. S., 2591, provides: "In the foreclosure of mortgages or deeds of trust on real estate, or in the case of the public sale of real estate by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, and the same is paid to the clerk of the Superior Court, the mortgagee, trustee, executor, or person offering the real estate for sale shall reopen the sale of said property and advertise the same in the same manner as in the first instance."

*In re Sermon's Land,* 182 N. C., 128, *Hoke, J.,* says: "The statute, sec. 2591, in express terms provides that any and all sales of this kind shall remain 'unclosed for ten days,' but it confers no power on the clerk to make any orders in the matter except in case of an increase of bid, nor is any report required to be made in any other instance. That and that alone is the basis for his interference in sales of this kind. It might be well in the case presented that the law should give the clerk jurisdiction to make the order that justice and right would require, but thus far the statute has not done so, and we are not at liberty to go beyond the statutory provision."

In *Pringle v. Loan Assn., ibid.,* 317, it is said: "This statute has been construed at this term, *In re Sermon's Land, ante,* 122, not to require a report to the clerk of every sale made under a mortgage with power of sale, but that in all such cases, if the prescribed amount of the raise in bid is guaranteed or paid to the clerk, he shall require the mortgagee or trustee to advertise and resell on fifteen days notice. In short, the condition of a mortgagor in a mortgage with the power of sale is assimilated to the condition of property sold under the decree of foreclosure so far as the right to set aside the bid at the first sale and to require a resale."

No raised bid having been filed, there was no authority or discretion vested in the clerk or judge to set aside the deed to the purchaser. The mere statement in the order of sale that it be for cash upon confirmation meant only that the cash would be required if the bid was not raised in the time prescribed by law.

The appellant invokes C. S., 637, which provides that "Whenever a civil action or special proceeding begun before a clerk of the Superior Court is for any ground whatever sent to the Superior Court before the judge, the judge has jurisdiction; and it is his duty, upon the re-

quest of either party, to proceed to hear and determine all matters in controversy in such action, unless it appears to him that justice would be more cheaply and speedily administered by sending the action back to be proceeded in before the clerk, in which case he may do so." This is a very wise statute, and its purpose was to prevent sending cases backwards and forwards from the clerk to the court, on perhaps mere technicalities, by providing that when the matter had reached the court for any ground whatever, the judge had the discretion to proceed and render a final decision. It does not give the judge any jurisdiction, or any additional discretion more than he would have had if the case had come to him in any other manner except that he might proceed and determine it without the formality of returning it to the clerk.

The order of the judge refusing to set aside the sale upon this petition must be

Affirmed.