F. M. NEWBY, JR., v. M. P. GALLOP, TRUSTEE.

(Filed 23 February, 1927.)

1. Sales—Mortgages—Raised Bids—Clerks of Court—Resales—Statutes —Deeds and Conveyances.

Under the express provisions of C. S., 2591, the amount of the raise of the bid on lands sold under a mortgage must be paid to the clerk of the Superior Court of the county within ten days from the time of the foreclosure sale; and where the same has been erroneously paid to the mortgagee or trustee within the time specified, it is insufficient, and the purchaser at the foreclosure sale is entitled to his deed upon the payment of the purchase price.

2. Same—Interveners—Mortgagors.

Where a raised bid of the price brought at a foreclosure sale of land under mortgage has not been made as required by statute, the mortgagors are properly denied the right of intervening on the ground that they had been misled by the payment required by the statute to be made to the clerk of the court having been made to the mortgagee.

AGREED CASE, heard by *Daniels, J.*, at January Term, of PASQUOTANK. J. T. Brothers owned a tract of land in Pasquotank County, containing about ninety acres. On 17 April, 1922, he executed a mortgage upon the land to the Federal Land Bank of Columbia, S. C., for $4,000. On 19 May, 1922, he executed to the defendant M. P. Gallop, trustee, a deed of trust on the land to secure notes aggregating $2,000. On 1 September, 1924, he executed and delivered to the Gallop-Sawyer Realty Corporation a mortgage securing notes for $6,000. The notes described in said lien were due and unpaid. Thereupon Gallop, trustee in the second deed of trust, duly advertised and sold the land at the courthouse door in the county on 13 November, 1926, at which time and place the plaintiff Newby became the purchaser of said property. The purchase price paid by Newby was not more than sufficient to pay off the first lien and the second lien, under which the land was sold, leaving nothing to be applied to the indebtedness of the Gallop-Sawyer Realty Corporation, the holders of the third lien.

On 20 November, 1926, M. B. Sawyer, secretary of Gallop-Sawyer Realty Company, mortgagee, deposited with the trustee, the defendant

M. P. Gallop, a check for $320.25 for the purpose of raising the bid on said land. No report of said sale, or of said raised bid, was made to the clerk of the Superior Court within ten days from the date of said sale. However, on 24 November, 1926, the trustee told the clerk that the bid had been raised and check deposited with him as said trustee. Thereafter, on 27 November, a written report of said sale and of said proposed raised bid was made to the clerk of the Superior Court, but no raised bid was ever deposited with the clerk of the Superior Court of Pasquotank County. The plaintiff Newby demanded a deed for the premises, and the trustee declined to make the deed upon the ground, presumably, that the bid of the plaintiff had been properly raised.

The trial judge held "that the plaintiff's bid for the lands described in the agreed facts had not been legally and properly raised," and further ordered that the defendant trustee execute and deliver a deed to the plaintiff upon payment of the purchase price. The owner of the land, J. T. Brothers, appeared before the judge, requesting that he be permitted to intervene in the cause, and declaring by affidavit that he would have raised the bid on his property but was informed by the defendant trustee that the bid had been raised, and further, that the purchase price bid by the plaintiff was inadequate. The judge declined to permit the said Brothers to intervene in said cause.

*George J. Spence and McMullan & LeRoy for plaintiff.*
*Walter L. Small for defendant.*

BROGDEN, J. Two questions are presented for determination:

1. Must the increased bid at a trustee's sale of land under a deed of trust or mortgage be paid to the clerk of the Superior Court or to the trustee?

2. Was the owner of the land, to wit, J. T. Brothers, entitled to intervene in the cause at the hearing?

C. S., 2591, provides in express terms that the sale of property under a mortgage or deed of trust "shall not be deemed to be closed under ten days. If in ten days from the date of the sale the sale price is increased ten per cent, where the price does not exceed $500, and five per cent where the price exceeds $500, and the same is paid to the clerk of the Superior Court, the mortgagee, trustee, executor, or person offering the real estate for sale shall reopen the sale of said property and advertise the same in the same manner as in the first instance. . . . Where the bid or offer is raised, as prescribed herein, and the amount paid to the clerk, he shall issue an order to the mortgagee," etc.

A reading of the statute will disclose that the law, as now written, prescribes the payment of an increased bid to the clerk and not to the trustee, mortgagee, or other person offering the land for sale. The pay-

ment of the increased bid to the trustee was ineffectual, and, therefore, the bid, not having been raised as required by law, the plaintiff is entitled to a deed for the premises. *In re Ware,* 187 N. C., 693.

It must then inevitably follow that, if the plaintiff is entitled to a deed under the facts disclosed by this record, the intervener, J. T. Brothers, had no right to intervene at the hearing, and the judgment denying his motion to intervene was correct.

Affirmed.