It appears from the record that W. T. Greer and wife, Alice Greer (appellant), made two liens: (1) To the Atlantic Joint Stock Land Bank; (2) a deed of trust to W. R. Bauguess, trustee for the Bank of Damascus, dated 26 May, 1924, duly recorded in the register of deeds' office for Ashe County, in Book No. 25, p. 156. The amounts are not *Page 279 
set forth in the record nor the quantity of land or exact terms and conditions on which the land was sold. It is set forth that the trustee, pursuant to C. S., 2591, on account of default in the payment of the notes due the Bank of Damascus, sold the land and in the trustee's report to the clerk of the Superior Court it is stated: "At said sale the Bank of Damascus became the last and highest bidder for the sum of $7,000 (total). Subject to prior mortgage to Atlantic Joint Stock Land Bank to be paid out of this bid. This 10 September, 1927."
The order of the clerk is as follows: "It appearing that under the foregoing order a sale of the above-described property was made on 10 September, 1927, and was purchased by the Bank of Damascus at the sum of $7,000, subject to prior mortgage to be paid out of purchase price at Atlantic Joint Stock Land Bank: It is, therefore, ordered, considered and adjudged that the trustee make the purchaser a good and sufficient deed upon the payment of the purchase money. This 20 September, 1927."
Alice Greer gave the following notice: "To J. D. Stansberry, clerk Superior Court, and W. R. Bauguess, trustee: You, and each of you, are hereby notified that Alice Greer excepts and appeals from the order made by the clerk of the Superior Court of Ashe County on 20 September, 1927, and recorded in Book of Re-Sales of Land by Trustees and Mortgagees No. 1, page 61, in so far as said order provides for the distribution of the funds arising from the sale of the property sold under and by virtue of a deed of trust to the Bank of Damascus, the said Alice Greer not objecting to the confirmation of the sale, but objects to the order as to the distribution of the proceeds of said sale, alleging the same to be, as she is advised and believes, illegal and improper application of the proceeds of said sale, and the said Alice Greer requesting that the proceedings in the above-entitled cause be certified to the Superior Court to the end that it may be reviewed as required by law. This 24 September, 1927."
The court below rendered the following judgment: "In the Superior Court, July Term, 1928. This cause coming on to be heard before his Honor, J. H. Clement, judge presiding, upon exceptions filed to the decree of confirmation of the clerk of the Superior Court, confirming the sale in this cause, and being heard, it is considered and adjudged that said exceptions are overruled and the sale is hereby confirmed; and from this judgment Alice Greer, the party filing the exceptions, appeals to the Supreme Court."
The assignment of error is as follows: "That his Honor erred in overruling the exceptions of Alice Greer to the decree of confirmation of the clerk and signing a judgment confirming the decree of confirmation of the clerk." *Page 280 
C. S., 2591, in regard to reopening sales on advance bids, when real estate is sold under mortgages or deeds of trust, etc., is interpreted inIn re Ware, 187 N.C. 693, and cases cited. See, also, Trust Co. v.Powell, 189 N.C. 372; Newby v. Gallop, 193 N.C. 244; Cherry v. Gilliam,195 N.C. 233.
In Cherry v. Gilliam, supra, at p. 234, it was said that C. S., 2591, "confers no power on the clerk to make any orders unless the bid is increased."
The plaintiff's remedy was by an action. The motion is dismissed.
Error.