W. S. HANNA v. CAROLINA MORTGAGE COMPANY (FORMERLY CAROLINA MORTGAGE & INDEMNITY CO.).

(Filed 8 May, 1929.)

**Mortgages H o—Resale of lands sold under foreclosure must be had as often as advance bid is made and statute complied with—Injunctions.**

Under the provisions of C. S., 2591, relating to the foreclosure of mortgages, it is the duty of the clerk of the Superior Court to readvertise and resell the mortgaged property as often as the statute is complied with and the money for the advance bid deposited and the bid made within ten days from the date of the sale, and the last and highest bidder at a prior sale acquires no rights in the property until his bid has finally been accepted and the order made for the deed to be made to him; and such order having been made by the clerk prematurely, it is proper for him to make an entry revoking it and order a resale, and an injunction will not lie to restrain the resale where the order has been thus revoked and the statute complied with.

APPEAL by plaintiff from *Harding, J.,* at September Term, 1928, of GASTON. Affirmed.

*Facts:* (1) Robert E. Johnson and others, on 1 September, 1925, executed a deed of trust to defendant, Carolina Mortgage Company, on a certain lot in the town of Gastonia, to secure the payment of certain notes. The mortgage was duly recorded in the office of the register of deeds for Gaston County, Book 197, p. 93.

(2) Robert E. Johnson and others made default on the payment of the notes and the Carolina Mortgage Company, in accordance with terms of the mortgage, duly advertised the lot, according to law, for sale at 12 o'clock noon on 11 June, 1928. At the sale one R. N. Aycock became the last and highest bidder.

(3) Within 10 days the Aycock bid was increased 5 per cent by one E. P. Lineberger and the lot readvertised for sale at 12 o'clock noon on 9 July, 1928. At the sale R. N. Aycock became the last and highest bidder for $7,125.03.

(4) Within ten days the Aycock bid was increased 5 per cent by plaintiff W. S. Hanna and the lot readvertised for sale at 12 o'clock noon on 3 August, 1928. All the above sales were duly reported to the clerk of the Superior Court and the clerk ordered resales according to law. At this sale plaintiff W. S. Hanna became the last and highest bidder for $7,481.28, and at this sale no increase bid was put on the lot and the lot was bid in at the advance bid theretofore made by Hanna. The attorneys for the Carolina Mortgage Company notified plaintiff by letter of 3 August, 1928, that there was no increase bid put on the lot, that he was declared the purchaser of the lot by the clerk of the Superior Court of Gaston County, in the sum of $7,481.28 and they were advising the trustee that day of the sale and requesting said trustee to forward deed for delivery to plaintiff.

(5) The clerk made an order to make deed to W. S. Hanna on 3 August, 1928. That on 4 August, 1928, the said clerk, being of the opinion that said sale should remain open for 10 days for increased bids, revoked said order and ruled that said sale should remain open for 10 days before being confirmed in lieu of said order made on 3 August, 1928, made the following order in Book No. 2, page 37, of "Record of Re-sale by Trustees and Mortgagees," on 4 August, 1928:

## ORDER

"Whereas, R. N. Aycock has filed a 5 per cent bid on the purchase money paid for the above described land, and has paid the same to me; Now, therefore, it is ordered, considered and adjudged that the Carolina. Mortgage Company, trustee, advertise said land for resale fifteen days in some newspaper published in Gaston County, under the provisions of chapter 146, Public Laws 1915, and chapter 124, Public Laws 1919. This 4 August, 1928.                    S. C. HENDRICKS, C. S. C."

The plaintiff was duly notified of the clerk's order revoking the order made on 3 August, 1928, to make deed to W. S. Hanna and the advance bid of 5 per cent made by R. N. Aycock on 4 August, 1928, which was within the 10 days after the resale, and that the lot would be advertised and resold on 20 August, 1929. According to the order, the lot was readvertised for sale. Before the sale plaintiff brought an action against defendant for specific performance, alleging the facts and also alleging that he was ready, able and willing to perform his contract and pay the $7,481.28, and asked for and obtained a temporary restraining order.

The following judgment was rendered by the court below: "This cause coming on to be heard and being heard at September Term, 1928, of the Superior Court of Gaston County, by his Honor Wm. F. Harding, judge, present and presiding, and it appearing to the court that the

temporary restraining order heretofore issued in this action should be dissolved and vacated, and that the order made by the clerk of the Superior Court of Gaston County directing said trustee to again sell the lands described in the complaint was regular and lawful because of having received an advance bid of five per cent made by R. N. Aycock, and that said trustee should be allowed to proceed to readvertise and resell said lands pursuant to said order; it is therefore, considered, ordered, adjudge and decreed by the court that the temporary restraining order heretofore issued in this action be, and is hereby dissolved and vacated."

The plaintiff excepted and assigned error and appealed to the Supreme Court.

C. D. Holland and G. W. Wilson for plaintiff.
A. E. Woltz, Paul E. Monroe and Allen & Duncan for defendant.

CLARKSON, J. The plaintiff assigns as error that the court below denied the right of the plaintiff to the specific conveyance of the land and denied making order requiring trustee to convey the land to the plaintiff and to restrain the defendant from reselling the said land. We think plaintiff's assignment of error cannot be sustained.

The principle upon which specific performance of a binding contract to convey land is enforceable, has no application to the successful bidder at a sale under the power contained in a mortgage or deed of trust of lands, during the 10-day limitation prescribed in C. S., 2591, there is no binding contract of purchase, and the bargain is incomplete. Under the provisions of this section, the bidder at the sale during the period of ten days acquires no interest in the property itself, but only a position similar to a bidder at a judicial sale, before confirmation. He is only considered as a preferred bidder, his right depending upon whether there is an increased bid and a resale of the land ordered under the provisions of the statute. In re Sermon's Land, 182 N. C., 122; Cherry v. Gilliam, 195 N. C., 233.

C. S., 2591 is as follows: "In the foreclosure of mortgages or deeds of trust on real estate, or in the case of the public sale of real estate, by an executor, administrator, or administrator with the will annexed, or by any person by virtue of the power contained in a will, the sale shall not be deemed to be closed under ten days. If in ten days from the date of the sale, the sale price is increased ten per cent where the price does not exceed five hundred dollars, and five per cent where the price exceeds five hundred dollars, and the same is paid to the clerk of the Superior Court, the mortgagee, trustee, executor, or person offering the real estate for sale shall reopen the sale of said property and adver-

tise the same in the same manner as in the first instance. The clerk may, in his discretion, require the person making such advance bid to execute a good and sufficient amount to guarantee compliance with the terms of sale should the person offering the advance bid be declared the purchaser at the resale. Where the bid or offer is raised as prescribed herein, and the amount paid to the clerk, he shall issue an order to the mortgagee or other person and require him to advertise and resell the said real estate, it shall only be required to give fifteen days notice of a resale. Resales may be had as often as the bid may be raised in compliance with this section. Upon the final sale of the real estate, the clerk shall issue his order to the mortgagee or other person, and require him to make title to the purchaser. The clerk shall make all such orders as may be just and necessary to safeguard the interest of all parties, and he shall keep a record which will show in detail the amount of each bid, the purchase price, and the final settlement between parties," etc.

Under the provisions of C. S., 2591, the clerk of the court has no jurisdiction, except to order a resale of land sold under the power of sale in a mortgage, when, within the ten days required by the statute, the bid at the sale has been raised; and a mere statement made at the foreclosure sale that the purchase price be paid in cash upon confirmation, implies only that the cash would be required if the bid should not be raised in the amount and time prescribed by law. *In re Mortgage Sale of Ware Property,* 187 N. C., 693.

In *Cherry v. Gilliam,* 195 N. C., at p. 234-5, citing numerous authorities, the following observations are made: "It is provided in section 2591, that in the foreclosure of the mortgages the sale shall not be deemed to be closed under ten days, and if within this time an increased bid is paid to the clerk the mortgagee, by order of the clerk, shall reopen the sale, advertise the property as in the first instance, and make a resale; and that upon the final sale the clerk shall issue an order to the mortgagee to make title to the purchaser. It has been held with respect to this statute that it was enacted for the protection of the mortgagees when sales are made under a power of sale without a decree of foreclosure by the court; that it confers no power on the clerk to make any orders unless the bid is increased; that in the absence of such bid no report is necessary; and that if an increased bid is paid, the clerk cannot make any orders until the expiration of ten days." *In re Bauguess,* 196 N. C., 278.

Chapter 146, Public Laws 1915, relating to the resale of land was amended as follows: "Section 1. That chapter one hundred and forty-six of Public Laws of one thousand nine hundred and fifteen be and the same is hereby amended by striking out all of section four and in-

serting in lieu thereof the following: 'Section 4. That resale may be had as often as the bid may be raised in compliance with this chapter.' " The section stricken out was as follows: "That not more than one sale shall be required under this act."

The plaintiff contends that plaintiff's upset bid was duly advertised for 15 days. The bidding and sale therefore was open for 15 days and there was no other bid. No one was interested enough to appear within the 15 days, or at the expiration thereof, and the upset bidder became the last and final bidder. He can be held to his bid by the court, and has right to confirmation unless another bid is put upon the mortgaged premises on the sale day. Of course, if there was an advanced bid, then the sale would lie open 10 days. There being no such bid on the sale day, and the plaintiff having been declared the purchaser by the trustee and by the clerk of court, the plaintiff insists that the clerk could not cancel his first order of confirmation and order the resale, and that the plaintiff is entitled to an order of confirmation of the sale on 3 August, 1928, and upon full payment to a deed for the premises. We cannot so hold. We do not think that the language or intent of the statute warrants plaintiff's contention. The construction is too narrow.

The fact that plaintiff became the last, only and highest bidder at the third sale, and that his bid at that time was the same as his upset bid filed within ten days after the second sale, does not preclude another upset bid from being filed within ten days after the third or any other sale.

The clerk had no power to make the order for the trustee to make deed to plaintiff until the ten days required by the statute expired. It was his duty under the statute to allow the bid to remain open for ten days and to see to it that resales be had as often as the bid was raised within the ten days and the statute complied with. Having no power to make the order, he very properly struck it out and upon an advance bid within ten days ordered a resale. The statute fixes no limit to the number of resales, which must be had as often as there is an advance bid within the ten days, and the statute complied with. It is a statute that does not hurt the mortgagee, but is beneficial to the mortgagor and often saves mortgaged property from being sacrificed. The judgment below is

Affirmed.