HELEN B. REDFERN v. WALTER M. McGRADY, J. M. WALLACE, AND I. G. WALLACE, PARTNERS, TRADING AND DOING BUSINESS AS WALLACE BROTHERS; MECKLENBURG FARMERS' FEDERATION (A CORPORATION), AND JAMES M. YANDLE, CLERK OF THE SUPERIOR COURT, MECKLENBURG COUNTY.

(Filed 2 July, 1930.)

1. **Mortgages H o—Statutory powers of clerk in regard to resale under mortgage are to be strictly complied with.**

    The supervisory powers given the clerks of the Superior Courts by C. S., 2591, apply to sales and resales under the power of sale contained in mortgages and deeds of trust and not to ordinary judicial sales, and the statute must be strictly complied with.

2. **Same—Where no advance bid is made within ten days it is duty of clerk to order trustee to make deed to last and highest bidder at the sale.**

    Where an advance bid is made for the resale of lands foreclosed under power of sale, it is the duty of the clerk upon receiving the deposit within

the time prescribed to order a resale, and where such resale is made and no advance bid is made within ten days, to order the trustee or mortgagee to make conveyance to the purchaser upon his payment of the amount of his bid.

3. **Mortgages H n—In this case held: mortgagee waived right to deposit made by mortgagor to cover his advance bid for resale of property.**

Where the mortgagor of lands foreclosed under power of sale makes an advance bid within ten days from the date of the sale and makes the required deposit, and the clerk orders a resale, and the mortgagor becomes the last and highest bidder at the resale, and the trustee and *cestui que trust* give the mortgagor time within which to comply with the bid and the clerk does not issue an order for the trustee to make title to the purchaser in accordance with the mandatory provisions of the statute, and thereafter the trustee files a petition for the sale of the land: *Held*, upon the land failing to bring the amount of the mortgage debt at the sale ordered after the failure of the mortgagor to comply with his bid, the trustee and *cestui que trust* by treating the bid of the mortgagor as a nullity and by taking the matter out of the clerk's hands waived their lien on the amount deposited by the mortgagor for the resale, and the deposit in the clerk's hands is subject to attachment by the creditors of the mortgagor.

APPEAL by plaintiff from *Sink, Special Judge,* Special Term, 17 February, 1930, of MECKLENBURG. Affirmed.

This was an action brought by plaintiff to recover of the defendants the sum of $369.34. *The facts:* The defendant, Walter M. McGrady, on 1 February, 1926, executed and delivered to John A. McRae, trustee, a deed of trust on certain land to secure certain bonds due to plaintiff for $6,500. The deed of trust was duly registered. Default was made in the payment of the bonds and the trustee advertised the property under C. S., 2591. Several sales took place: (1) Sale on 17 October, 1927. Plaintiff Helen B. Redfern became the last and highest bidder in the sum of $6,700. Report of sale was duly made to the clerk by the trustee. In compliance with the statute within ten days, the defendant Walter M. McGrady, 22 October, 1927, deposited with Jas. M. Yandle, the clerk, advance bid of 5 per cent, $335. A resale was ordered on 22 October, 1927, to take place on 21 November, 1927, when Walter M. McGrady became the last and highest bidder in the sum of $7,035. Report of resale was duly made to the clerk by the trustee. On 30 November, 1927, H. B. Teeter deposited with the clerk 5 per cent advance bid, $351.25 ($351.75). A resale was ordered to take place on 19 December, 1927, when N. B. Teeter became the last and highest bidder in the sum of $7,386.75. Report of resale was duly made to the clerk by the trustee; on 29 December, 1927, Walter M. McGrady deposited with the clerk 5 per cent advance bid, *$369.34—amount sued for in this action.*

5—199

A resale was ordered on 3 March, 1928, and the land resold on 19 March, 1928, and Walter M. McGrady became the last and highest bidder in the sum of $7,756.08. McGrady offered to increase his bid 5 per cent within the ten days, but the clerk required a $1,000 bond, and nothing was done. McGrady promised to pay the plaintiff the amount of bid if she would give him time. Extensions were given from 19 March, 1928, to 1 September, 1928, when the plaintiff filed a petition before the clerk setting forth that McGrady had failed to comply with his bid and praying a resale. That "the said order also provided that notice be issued to the said Walter M. McGrady to show cause why his deposit of $369.34, as aforesaid, should not be applied upon the expenses of the several sales, trustee's commissions, etc." A resale was ordered to take place on 1 October, 1928, and plaintiff, Helen B. Redfern, became the last and highest bidder in the sum of $3,300. On 1 October, 1928, the report of sale was duly made to the clerk by the trustee. On 11 October, 1928, Walter M. McGrady deposited with the clerk 5 per cent advance bid, $165, and gave bond in the sum of $1,500 for the performance of his bid, as required by the clerk. A resale was ordered on 11 October, 1928, and the land resold on 19 November, 1928, and plaintiff, Helen B. Redfern, became the last and highest bidder at $6,500. The report of resale was duly made to the clerk by the trustee. A deed was duly made to her for the property upon order of the clerk. The property purchased at the last sale by plaintiff, Helen B. Redfern, after paying the expense of sale, was $926.10, less than her debt against Walter M. McGrady. On 1 April, 1929, the plaintiff, Helen B. Redfern, filed a petition setting forth the facts: "With regard to the default of the said McGrady in compliance with the terms of his bid, the deposit by the said McGrady of the said sum of $369.34 and all other pertinent facts with reference to the matter, praying that an order be issued to the said McGrady to show cause why the said sum should not be paid to her; that, an order was signed by the clerk of the court, on 1 April, 1929, directing the said McGrady to show cause on or before 15 April, 1929, why the said deposit of $369.34 should not be applied upon the balance of the indebtedness due by him to the said Helen B. Redfern on the said deed of trust."

On 26 March, 1929, the $369.34 which was credited on the books of the clerk as being due Walter M. McGrady was attached by the defendants, Wallace Bros. An attachment was also sued out by defendant, Mecklenburg Farmers Federation, a corporation, for indebtedness due them by Walter M. McGrady. Jas. M. Yandle, the clerk, in answer to the said notice and levy, on 29 March, 1929, filed answer, setting forth that he had the sum of $369.34, which amount was credited on his books as being due the said Walter M. McGrady.

Without notice to the plaintiff, Helen B. Redfern, or the trustee, and without making them parties, the case came on for trial in the Superior Court, and the court signed a judgment authorizing the clerk to pay the amount of $369.34 to the attaching creditors of McGrady.

The plaintiff contends that the $369.34 deposited by McGrady was "impressed with a trust for the performance of his said bid in connection with which the said deposit was made, that, said deposit was made as a guarantee of the performance by the said McGrady of his said bid, and by reason of the failure of said McGrady to perform his said bid as aforesaid, and the failure of the property upon the final sale to bring a sufficient amount to pay the indebtedness, secured by the said deed of trust, the said fund became the property of the said plaintiff, under and by virtue of the provisions of the statute under which said deposit was required to be made. . . . That the plaintiff and the said trustee were not parties to the said action in which the said clerk was served with notice of garnishment, and had no notice thereof, either actual or constructive; that, the payment of said funds by the said clerk to the said parties was wrong and unlawful; and that, the omission of the clerk to give to the court notice of all the facts pertaining to said deposit, was wrongful, unlawful and negligent. . . . That the said defendants, Jas. M. Yandle, Wallace Bros., and the Mecklenburg Farmers Federation, and each of them, were jointly and severally, negligent in failing to disclose to the court all the facts hereinbefore referred to; that, they were jointly and severally negligent in failing to give to the said plaintiff, and the said John A. McRae, trustee, and each of them, notice of the said actions. . . . Therefore, the plaintiff prays judgment against each of the defendants, and asks for relief in accordance with the law and the facts as hereinbefore set forth."

The defendants demurred that the complaint does not state facts sufficient to constitute a cause of action and set forth the grounds of the demurrer. Among the grounds, the following: "It is shown by the face of the complaint that the plaintiff's trustee abandoned his rights to enforce the said McGrady bid of 19 March, 1928, and voluntarily released the said McGrady from the compliance therewith, by making a new sale of the property described in the deed of trust, after four weeks advertisement thereof; and that, by such abandonment and release, and by his election to make a new sale, the plaintiff's trustee released any and all right he and/or the plaintiff may have had to the said deposit. It appears from the face of the complaint that, if the plaintiff ever had any lien, or trust impressed for her benefit, upon the deposit of $369.34 made by Walter M. McGrady on or about 29 December, 1927, that she surrendered and waived or released all her claim and

rights thereto by her own conduct and by her agreements with the said Walter M. McGrady to extend the time within which he could comply with his bid at the sale of 19 March, 1928, such extensions of time having been repeatedly agreed to, until the plaintiff's trustee, following several defaults of the said McGrady to perform his agreements with the plaintiff, published a completely new notice of sale of the real estate described in the complaint, and conducted and held such new sale on 1 October, 1928." C. S., 511(6). The demurrer was sustained. Plaintiff excepted and assigned error and appealed to the Supreme Court.

*Stewart, McRae & Bobbitt for plaintiff.*
*Pharr & Currie for Wallace Brothers and Mecklenburg Farmers Federation, Inc.*
*J. Lawrence Jones and J. L. DeLaney for Jas. M. Yandle, Clerk.*

CLARKSON, J. It has been held by this Court that C. S., 2591, must be strictly complied with. The supervisory powers invested in the clerk of the court over sales under a mortgage, deed of trust, etc., are not an ordinary judicial sale, but confined by the statute to sales, and resales under the power of sale contained in the instruments, and in accordance with the directions of the statute. *Lawrence v. Beck,* 185 N. C., 196.

The facts are to the effect: That the advance bid deposited by Walter M. McGrady was $369.34, the amount plaintiff sued for in this action. In compliance with the statute, on 3 March, 1928, a resale was ordered, under C. S., 2591, and the land sold on 19 March, 1928, and Walter M. McGrady was the last and highest bidder in the sum of $7,756.08. No advance bid in ten days from the date of sale, as was required by the statute, was deposited with the clerk, therefore Walter M. McGrady was entitled to have title made to him for the property on complying with the terms of sale, and it was the duty of the clerk to issue an order and require the trustee to make title to purchaser. This was not done. The trustee, with the consent of the plaintiff, took the matter from out of the clerk's jurisdiction under C. S., 2591, gave McGrady time and nothing was done from the date of resale, 19 March, 1928, when McGrady was the last and highest bidder for the property, until 1 September, 1928. C. S., 2591, *supra,* says (1) "If in ten days from the date of sale the sale price is increased, etc., . . . shall reopen the sale of said property and advertise the same," etc. (2) "Where the bid or offer is raised as prescribed herein, and the amount paid to the clerk, he shall issue an order to the mortgagee or other person and require him to advertise and resell said real estate." The ten days elapsed and no upset bid was put on the property, therefore McGrady became the purchaser. The statute

further provides, (3) "Upon the final sale of the real estate, the clerk shall issue his order to the mortgagee or other person and require him to make title to. the purchaser." This mandatory provision was entirely ignored. A petition by the trustee was filed 1 September, 1928, before the clerk asking for a sale, not a resale, of the property and the land was ordered to be advertised and sold on 1 October, 1928. At this sale the plaintiff Helen B. Redfern became the last and highest bidder in the sum of $3,300. Report of sale was duly made to the clerk by the trustee. On 11 October, 1928, Walter M. McGrady deposited with the clerk 5 per cent advance bid—$165.00, and gave bond in the sum of $1,500 for the performance of his bid, as required by the clerk, and on that date a resale was ordered and the land resold on 19 November, 1928, and the plaintiff became the last and highest bidder at $6,500. A report was duly made to the clerk by the trustee and deed duly made to the plaintiff by the trustee by order of the clerk. On this sale the property brought $926.10 less than plaintiff's debt and expenses. Plaintiff contends that the deposit of McGrady of $369.34 on 29 December, 1927, should be applied on her debt.

We think, from the entire record, that plaintiff waived and abandoned her claim to the $369.34. Walter M. McGrady was the last and highest bidder for the land in the sum of $7,756.08. No upset bid within the ten days was deposited with the clerk as required by C. S., 2591, *supra.* This was a final sale, and under the act it was mandatory on the clerk to issue an order to the trustee and require him to make title to the purchaser. This was not done. If the purchaser had refused to comply with his bid, the $369.34 would have been applied to plaintiff's debt if the land did not bring over his bid on a resale properly held under the statute.

In *Harris v. Trust Co.,* 198 N. C., at p. 610, it is said: "We think the claim of Joel T. Cheatham cannot be sustained. The money deposited by B. Frank Harris, under the statute, was a guarantee that there would be no loss occasioned if he be declared the purchaser at the resale; he was so declared and did not comply, but there was no loss, as the property brought more on resale."

In the *Harris case* the statute was strictly complied with. A deed was tendered Harris and he refused to pay for the land, and on a resale it brought over the debt due by Harris to Cheatham, the holder of the notes secured by the deed of trust. In the present case to have held the $369.34 as a guarantee, the statute must be strictly complied with. The rights of plaintiff are statutory, not equitable.

The plaintiff is to be sympathized with, as she and her trustee were trying not to be harsh and by kindly treatment lost her statutory rights by not strictly following them. We must adhere to the law as written.

In *Cherry v. Gilliam,* 195 N. C., at p. 234-5, citing numerous authorities, it is said: "It is provided in section 2591 that in the foreclosure of the mortgages the sale shall not be deemed to be closed under ten days, and if within this time an increased bid is paid to the clerk the mortgagee, by order of the clerk, shall reopen the sale, advertise the property as in the first instance, and make a resale; and that upon the final sale the clerk shall issue an order to the mortgagee to make title to the purchaser. It has been held with respect to this statute that it was enacted for the protection of the mortgagees when sales are made under a power of sale without a decree of foreclosure by the court; that it confers no power on the clerk to make any orders unless the bid is increased; that in the absence of such bid no report is necessary, and that if an increased bid is paid, the clerk cannot make any orders until the expiration of ten days." *In re Bauguess,* 196 N. C., 278; *Hannah v. Mortgage Co.,* 197 N. C., at p. 187.

Plaintiff and her trustee treated the bid of McGrady as a nullity. The clerk did not order the trustee to make title, and the trustee did not comply with the statute and tender a deed to McGrady. Not complying with the statute, the plaintiff lost what benefit she may have derived from the money deposited. The trustee started a new sale and the 19 March, 1928, resale was abandoned. The petition to the clerk to give notice to McGrady was without authority under C. S., 2591. In fact, after the final sale to McGrady on 19 March, 1928, the new sale was started on 1 October, 1928, some six months after the final sale to McGrady; the subsequent bid of McGrady and his making deposit and putting up bond and the resale in which plaintiff became the purchaser was a complete disaffirmance by McGrady and the plaintiff of the resale of 19 March, 1928, which the $369.34 was deposited with the clerk to protect. All these acts and conduct, as a matter of law, constitute a waiver and abandonment of the resale of 19 March, 1928, under C. S., 2591, which the $369.34 was deposited to protect. Plaintiff or the trustee had no lien or trust right in the fund of $369.34, under the facts and circumstances of this case. It was the property of McGrady and subject to attachment. To have a lien or trust right in the guarantee deposit on a resale, under C. S., 2591, the statute must be strictly complied with.

The court below was correct in sustaining the demurrers.

Affirmed.